[Sac. No. 1759.    Department One.—December 1, 1910.]

CALIFORNIA SAFE DEPOSIT AND TRUST COMPANY (a Corporation). T. F. DUNAWAY, substituted as and now being Trustee, Respondent, v. SIERRA VALLEYS RAILWAY COMPANY (a Corporation), BOCA AND LOYALTON RAILROAD COMPANY (a Corporation), and CORA CHAMBERS POOL, Defendants and Respondents; C. R. BOWEN, Defendant, Cross-Complainant and Appellant.

BONDS—INTEREST COUPONS—STATUTE OF LIMITATIONS.—In the absence of any provision to the contrary in a bond, or in the instrument securing it, a coupon thereto attached, which is in the usual form of a simple promise to pay to bearer, at a given date and place, a specified sum for six months' interest, is an independent obligation, and when detached from the bond and transferred to another than the holder of the bond, the statute of limitations begins to run from the time of its maturity.

ID.—WAIVER OF STATUTE OF LIMITATIONS.—A provision in the mortgage securing such bond whereby the mortgagor waives "the benefit or advantage of any and all valuation, stay, appraisement or redemption law or laws, respecting liens or mortgages to be foreclosed by action or suit, and of all laws now existing or hereafter passed, which but ·for this provision would prevent the absolute and unconditional sale of the premises hereby conveyed, by a court or by the trustee, without suit," does not have the effect to prevent the statute of limitations from beginning to run from the time of the maturity of such coupon.

ID.—COUPON HOLDER MAY FORECLOSE.—In the absence of any provision to the contrary in a mortgage or deed of trust securing a series of bonds, the holder of a single overdue bond or coupon may enforce his right to payment by an action of foreclosure.

ID.—PROVISION FOR ACCELERATION OF PRINCIPAL.—A provision in such mortgage, to the effect that in case of default in the payment of any bonds or interest coupons, continuing for six months, "the whole principal sum mentioned for payment in all and each of said bonds shall at the option of the holders of a majority in interest of said bonds then outstanding, or at the option of the . . . trustee, forthwith become and be immediately due and payable, and the lien or encumbrance hereby created may be at once enforced," is intended merely to accelerate the payment of the bonds and of the principal sum due in advance of the time specified therefor. Such provision does not prevent the holder of an overdue

coupon from proceeding by appropriate action to realize upon the security.

ID.—DEMAND ON AND DELAY BY TRUSTEE TO SUE—RIGHT OF COUPON HOLDER TO SUE.—A provision in such mortgage, to the effect that no action shall be commenced against the mortgagor, upon any of the coupons annexed to the bonds or otherwise, except by the trustee, unless the trustee, after having been duly requested in writing, and having been fully indemnified, shall fail or neglect for three months so to do, does not prevent the coupon holder from bringing an action to realize upon the security. On the contrary, it expressly protects his right to do so in the event that the trustee shall, after proper demand made, fail for three months to bring an action.

ID.—DEFERRING RIGHT OF ACTION.—It is always in the power of the coupon holder to make such demand, and he cannot by failure to make it, extend indefinitely the period of limitation. By such provision, his right ·of action is deferred for three months, after demand, and the statute of limitation does not run against him for this period after the maturity of the coupons.

ID.—INSTRUMENT CONSTRUED AS MORTGAGE AND NOT DEED OF TRUST.— The instrument securing such bonds will be construed as a mortgage and not as a deed of trust, when it is described as a mortgage in the bonds, and in itself contains no provision for a reconveyance, and prescribes neither manner of nor notice for a sale by the trustee, refers to "the lien or encumbrance hereby created," and in various references to its own terms and effects, used the expression "this mortgage."   ·

ID.—PLEADING STATUTE OF LIMITATION.—In this state, a defendant may, if the defect appears on the face of the complaint, set up the bar of the statute of limitations either by demurrer or by answer. If the complaint does not show that the statute has run, the defendant must plead his right by answer.

'APPEAL from a judgment of the Superior Court of Lassen County. F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

Snook & Church, and John W. Stetson, for Appellant.

E. D. Knight, E. R. Dodge, Warren Olney, Jr., L. N. Peter, and J. V. De Laveaga, for Respondents.

SLOSS, J.—In April, 1895, Sierra Valleys Railway Company, a California corporation, having taken the statutory steps for the authorization by its stockholders of a bonded indebtedness, caused one thousand bonds of one thousand dol-

lars each, falling due in twenty years, with interest coupons attached, to be signed by its president and secretary. It also executed and delivered to the California Safe Deposit and Trust Company, as trustee, a mortgage or deed of trust of all its property to secure said bonds and coupons. Three hundred of the bonds were duly issued to Henry A. Bowen.

This action was commenced by the trustee to foreclose the security, it being claimed that the said trustee had exercised the option granted to it by the mortgage or deed of trust to declare the principal sum due in advance of maturity upon default, continuing for six months, in the payment of interest. Other breaches of the conditions of the instrument securing the bonds were alleged. The Boca and Loyalton Railroad Company and Cora Chambers Pool were made defendants, and were alleged to claim an interest in the property. It is alleged that Bowen, also named as a defendant, was the owner and holder of a number of overdue interest coupons, which had been detached from the bonds originally owned by him, said bonds having passed into the ownership of Nevada-California-Oregon Railway, a corporation.

Bowen answered and cross-complained, seeking a foreclosure and the payment to him of the amount due on his coupons.

The court found that certain coupons including those held by Bowen had matured more than four years prior to the commencement of the action, and that any claim thereon was barred by sections 335 and 337 of the Code of Civil Procedure. The material allegations of the complaint were found to be true, and a decree of foreclosure providing for payment out of the proceeds of the sale of the amount due on all bonds and coupons, except those found to be barred by limitation, was entered. From this judgment Bowen appeals. The only question presented is whether the court below was correct in holding that he had lost his right to relief by lapse of time.

The coupons in question were in the usual form, each consisting of a simple promise to pay to bearer, at a given date and place, the sum of thirty dollars, being six months' interest on one of the bonds. In the absence of any provision to the contrary in the bonds, or in the instrument securing them, it is undoubtedly the general rule that such coupons are independent obligations, and that, at least when they have been detached from the bonds and transferred to others than the

holders of the bonds, the statute of limitations begins to run from the time of their maturity. (Short on Law of Railway Bonds, sec. 75; Jones on Corporation Bonds and Mortgages, sec. 267; *Amy* v. *Dubuque,* 98 U. S. 470; *Clark* v. *Iowa City,* 20 Wall. 585; *Koshkonong* v. *Burton,* 104 U. S. 668; *Nash* v. *El Dorado County,* 24 Fed. 252; *Huey* v. *Macon Co.,* 35 Fed. 481; *Galveston* v. *Loonie,* 54 Tex. 517; *Threadgill* v. *Commrs.,* 116 N. C. 616, [21 S. E. 425].) The appellant claims, however, that a different rule has been established in this state by the decision in *Meyer* v. *Porter,* 65 Cal. 67, [2 Pac. 884], and the two companion cases of *Roeding* v. *Porter,* (Cal.) 2 Pac. 888, and *Haumeister* v. *Porter,* (Cal.) 3 Pac. 123, decided in the same month as the Meyer case, and based upon its authority alone. *Meyer* v. *Porter* was an appeal from a judgment denying a writ of mandate to compel the treasurer of the city of Sacramento to pay certain coupons out of funds in his possession. The trial court had sustained a demurrer to the petition for the writ. In the supreme court various objections to the granting of the relief sought were considered and overruled. The opinion concludes with these words: "and as the coupons partake of the nature of the bonds to which they belong, and against which the statute of limitations had not run, they were not barred by the statute." There is no further discussion of the point, nor is there, in the report of the case, any showing of the facts upon which the bar of the statute was claimed to have arisen. We are not informed whether the coupons were independent obligations, negotiable, and enforceable by others than holders of the bonds, nor whether, if so enforceable, a right of action had in fact accrued at such time as to make the bar of the statute applicable. Under these circumstances, we do not regard the isolated expression above quoted as binding this court to the doctrine that an action upon interest coupons is never barred by lapse of time until a right of action on the bond itself would be barred. On the contrary, we are inclined to take the view expressed by the United States circuit court of appeals for the ninth circuit in *Mather* v. *City and County of San Francisco* 115 Fed. 37, 43, [52 C. C. A. 631, 639], where the following language was used in reference to the foregoing statement of this court in *Meyer* v. *Porter:* "It is claimed for this utterance of the court that it announces the rule that an action upon coupons

is not barred until the statute of limitations has run against the bonds to which they were attached. We do not so understand the decision, although it is impossible, from the meager statement of the case, to determine the precise bearing of the remarks of the court. We are inclined to think that by the use of the language so quoted it was intended only to affirm the well-settled rule that in the application of the statute of limitations the coupon, although it may not be in form the same kind of instrument as the bond to which it belongs, will partake of the contractual nature of the latter, and both will be governed by the same statute of limitations; that is to say, if the bond be a specialty the coupon, which may be a simple promise to pay, will be considered a specialty, and be governed by the statute of limitations applicable to specialties. *City of Lexington* v. *Butler,* 14 Wall. 282." Although the distinction between specialties and writings not under seal had been abolished in this state, it is probable that the writer of the opinion in *Meyer* v. *Porter* had in mind the rule just referred to. To this extent, it is quite true that "the coupons partake of the nature of the bonds to which they belong," and the question whether an action on the coupons is barred must accordingly be answered by reference to the statute prescribing the period of limitation for an action on the bonds. This is all that was decided in *Lexington* v. *Butler,* 14 Wall. 282, and *City of Kenosha* v. *Lamson,* 9 Wall. 483, although the opinions of the supreme court of the United States in these cases contained expressions which, taken alone, might have been and, indeed, were by some interpreted to mean that an action on the coupons was not barred until an action on the bonds would be. Such was not, however, the true meaning of the decisions, as is clearly pointed out in *Clark* v. *Iowa City,* 20 Wall. 585, and other cases. In view of all this, we think there is nothing in *Meyer* v. *Porter* to prevent this court from applying the rule supported by reason, as well as by overwhelming authority, viz., that, in the absence of some special circumstance to the contrary, the period of limitation of an action on coupons begins to run from the date of the maturity of the coupons.

But, says the appellant, if this be the true doctrine, there are provisions in the mortgage or deed of trust taking the present case out of the general rule.

He points in the first place to article 10, reading as follows: "It is further provided and agreed that the party of the first part (Sierra Valleys Railway Company), for itself, its successors and assigns, doth hereby absolutely and irrevocably waive the benefit or advantage of any and all valuation, stay, appraisement or redemption law or laws, respecting liens or mortgages to be foreclosed by action or suit, and of all laws now existing or hereafter passed, which but for this provision would prevent the absolute and unconditional sale of the premises hereby conveyed, by a court or by the trustee, without suit. . . . " This is claimed to constitute a waiver on the part of the debtor of the right to plead the statute of limitations. Assuming the effectiveness of such waiver, if the railway company had undertaken to make one, we do not find in the language quoted anything which purports to waive the defense in question. The provision is quite plain and has reference to matters not connected in any way with the statute of limitations.

The further point is made that under the terms of the instrument securing the bonds and coupons, the holder of coupons had no independent right to proceed by action to collect the amount of his coupons or to foreclose the security therefor. If this be so, the defense of the statute of limitations would, of course, not be applicable, since a claim cannot be barred by limitation until the lapse of the statutory time after the claimant had a right to proceed by action to enforce his demand. (*Swamp Land Dist.* v. *Glide,* 112 Cal. 85, [44 Pac. 451].) But we cannot agree with the contention of appellant that the instrument does prevent the holder of an overdue coupon from proceeding to enforce his right to payment by an action of foreclosure.

In the absence of any provision to the contrary, default may be taken advantage of by the holder of a single bond or coupon. (Short on Law of Railway Bonds, etc., secs. 376, 398; *C. & V. R. R. Co.* v. *Fosdick,* 106 U. S. 47.) The provision principally relied on by the appellant to show that such right did not exist here is found in article 2 and is to the effect that in case of default in the payment of any bonds or interest coupons, and if such default shall continue for six months after demand and presentation for payment "the whole principal sum mentioned for payment in all and each of said

bonds shall at the option of the holders of a majority in interest of said bonds then outstanding, or at the option of the party of the second part (the trustee), forthwith become and be immediately due and payable and the lien or encumbrance hereby created may be at once enforced. . . ." It is argued that this provision prevents a foreclosure except upon the motion of the trustee or of a majority of the bondholders. But this is not the true meaning of the clause. The purpose of this provision is to enable a majority in interest of the holders of bonds then outstanding, or the trustee, itself, in case of default in the payment of interest for six months, to accelerate the maturity of the bonds, and to enforce the payment of the principal sum due, although the time provided in the bonds for their payment shall not have arrived. It is true that a holder of coupons alone or of less than one half of the bonds could not so advance the time of maturity of the principal, but there is nothing in this clause to prevent the holder of an overdue coupon from proceeding by appropriate action (in the name of the trustee, or, in case the trustee should decline to act, by bill in equity making the trustee a party defendant) to realize upon the security. "The right of a coupon holder to foreclose for default in the payment of interest is not affected by a provision in the mortgage that, if the interest shall remain unpaid for a given period, the principal shall become due, and that the trustees may, and upon the written request of a majority in amount of the bonds shall . . . within a reasonable time proceed to foreclose the mortgage. Such a clause is operative as a restriction upon the coupon holder's right to bring suit, only when it is sought to take advantage of the waiver as advancing the date when the principal becomes due." (Short on Law of Railway Bonds, etc., sec. 398; *Beekman* v. *Hudson R. & W. S. R. Co.,* 35 Fed. 3.) *Van Loo* v. *Van Aken,* 104 Cal. 269, [37 Pac. 925], is not in conflict with these views. In that case the court held that the mortgage involved showed affirmatively that the parties intended that there should be no foreclosure until the maturity of the principal.

The appellant relies also upon the provision of article 8 as follows: "It is hereby further provided and agreed that no action shall be commenced or prosecuted against said Sierra Valleys Railway Company, party of the first part,

upon any of the coupons annexed to said bonds or otherwise, at law or otherwise, except by the said trustee, unless the said trustee, after having been duly requested in writing, and having been fully indemnified as hereinafter provided, shall fail or neglect for three months so to do . . ." It is apparent that this clause does not prevent the coupon holder from bringing an action. It expressly protects his right to do so in the event that the trustee shall, after proper demand made, fail for three months to bring an action. It is always in the power of the coupon holder to make such demand and he cannot, by failure to make it, extend indefinitely the period of limitation. It is true that his right of action is by this clause deferred for three months, after demand, and the statute should therefore not be held to run against him for this period after the maturity of the coupon. But allowing to the appellant the period of four years and three months after the maturity of each of the coupons sued upon, he would still, at the date of the commencement of this suit, have been too late to institute his action.

The appellant claims that the instrument providing security for the bonds and coupons is a deed of trust, rather than a mortgage, and from this premise draws the conclusion that the only sale that could be had was one by the trustee, rather than, as directed by the decree, one by a commissioner appointed by the court. We need not inquire whether this conclusion would follow, since we have no doubt that the instrument is to be construed as a mortgage. It is described in the bonds as a mortgage. The instrument itself has no provision for reconveyance; it prescribes neither manner of nor notice for a sale by the trustee; it refers to "the lien or encumbrance hereby created"; and, in various references to its own terms and effects, used the expression "this mortgage." There appears to be no good reason for holding that the instrument was not a mortgage, as it purported to be. (See *Earle* v. *Sunnyside Land Co.*, 150 Cal. 214, 227, [88 Pac. 920].)

Finally, the appellant raises the point that the defense of limitation was waived by reason of the fact that the various cross-defendants did not raise this defense by demurrer, but set up the bar of the statute by answer. The contention is that, under sections 433 and 434 of the Code of Civil Pro-

cedure, an objection specified in section 430 as ground of demurrer (except want of jurisdiction or failure to state facts), must, if it appears on the face of the complaint, be taken by demurrer, or be deemed to be waived. (*Tingley* v. *Times Mirror Co.,* 151 Cal. 1, 13, [89 Pac. 1097].) If this be the rule, it is clear that the defense of limitation does not come within it. This defense is not specified in section 430 as a ground of demurrer. While defendants have been permitted to demur on the ground that the action was barred, the only subdivision of section 430 under which this ground of demurrer could be brought was that "the complaint does not state facts sufficient to constitute a cause of action." But, inasmuch as the statute of limitations is a special defense, personal in its nature, which may be waived or asserted, the party relying upon it must affirmatively set it up in his pleading. A demurrer merely stating that there is a want of facts will not suffice. (*Brown* v. *Martin,* 25 Cal. 82; *Bliss* v. *Sneath,* 119 Cal. 526, [51 Pac. 848].) Accordingly, there has grown up a practice, difficult, perhaps, to defend on logical grounds, of permitting a defendant to demur to a complaint on the ground that "it fails to state facts sufficient to constitute a cause of action, in this, that the alleged cause of action appears to be barred by the provisions of . . ." This is an exception to the general rule that no particular specification is required in a demurrer for want of facts. (*Kent* v. *Snyder,* 30 Cal. 666, 672.) But, notwithstanding the necessity for such particularity, the only ground of demurrer applicable is the failure to state facts sufficient, and this ground is, by the express provision of section 434, not waived by failure to demur. The true rule, under our practice, is, we think, that the defendant may, if the defect appears on the face of the complaint, set up the bar of the statute either by demurrer or by answer. If the complaint does not show that the statute has run, the defendant must plead his right by answer. In the present case, it appears that the cross-defendants did not demur at all, but came in at once and filed answers setting up the bar of the statute. It would be a harsh ruling to hold that, merely because they had claimed their privilege by answer rather than by demurrer, they had waived a defense which they had asserted at the earliest opportunity. We shall not so hold, inasmuch as

the code sections relied on by appellant do not require it.

The record presents no other points requiring notice.

The judgment is affirmed.

Angellotti, J., and Shaw, J., concurred.