[Civ. No. 4572. Third Appellate District.—June 21, 1932.]

STELLA M. FRELIGH, Appellant, v. SUSAN B. McGREW, Respondent.

Y. B. Arsen for Appellant.

Stephen Monteleone for Respondent.

PLUMMER, Acting P. J.—The plaintiff began this action to recover the sum of $1,000, and also to obtain a decree of the trial court rescinding and setting aside a certain indenture of lease entered into between the plaintiff and the defendant Susan B. McGrew. Other parties were named as defendants, but this appeal involves only the defendant Susan B. McGrew.

The complaint sets forth two causes of action. The first is a simple cause of action alleging the indebtedness of the defendant to the plaintiff in the sum of $1,000, and praying for a judgment for the recovery of that sum. The second cause of action is to obtain a decree rescinding, setting aside and annulling a certain indenture of lease dated September 8, 1926. This cause of action sets forth that the defendant represented to the plaintiff that she was the owner of certain property described as the ''McGrew Apartments'', located in the city of Los Angeles. The complaint further sets forth that in the negotiations leading up to the execution of the lease, it was mutually understood and agreed that a former tenant of the premises was about to vacate the same, and that the defendant represented to the plaintiff that the former tenant was selling the furniture and furnishings in the apartment house, to the defendant for the sum of $1400 in cash; that defendant represented to the plaintiff that the monthly rent of and for said property would be the sum of $500 per month, and that the sum of $500 per month must be paid in advance as security for the performance of the terms of the lease; that plaintiff thereupon informed the defendant that she did not have the sum of $2,400 in cash or credit wherewith she could pay $1,000 on the lease and $1400 as the price of the furniture and furnishings and that she had only the sum of $1900, whereupon defendant then promised and agreed with plaintiff that she would loan the sum of $500 to plaintiff in order that plaintiff might have sufficient funds to purchase said furniture and enter into said lease; that thereafter, on or about the 14th of

September, 1926, the defendant presented to plaintiff a written instrument purporting to be a lease for the premises mentioned herein; that plaintiff submitted said lease to her attorney for examination and approval, and her attorney, after due examination, informed plaintiff that paragraph 15 of said lease provided that all the furniture in said apartment should be mortgaged as further security for said lease; that the plaintiff returned said lease to the defendant and her attorney, with the notations thereon, and advised said defendant that she would not accept said lease unless all matters objected to by her counsel were eliminated, especially paragraph 15; that defendant falsely and fraudulently represented to plaintiff that all objectionable matters in said lease would be eliminated, and especially paragraph 15; and further, that defendant had purchased the furniture and furnishings from Mrs. Craig, and that said furniture would be free and clear of all encumbrances to plaintiff; that at all times during the negotiations of and with defendant, plaintiff informed them that the buying of the furniture of Mrs. Craig, at the price mentioned, was the prime and sole consideration in entering into a lease with defendant, and that without said furniture plaintiff could not operate said apartments and could have no use or benefit therefrom; that the day following the return of said lease by plaintiff to defendant, with her demand that all objections of her attorney be met and corrected, defendant came to plaintiff and took her to the office of defendant's attorney, and then and there assured plaintiff that all of the objections of plaintiff's attorney had been removed from said contract, and that paragraph 15 thereof had been completely eliminated; that what the defendant said to the plaintiff was false and untrue, and known to be untrue, and that said assurances, representations and statements were made to the plaintiff for the purpose of deceiving her, and plaintiff was thereby deceived; that plaintiff, in good faith, believed that paragraph 15 in said lease had been eliminated, and that all of the objections made by her attorney to certain portions thereof had been eliminated; that plaintiff believed defendant's statements that they had already purchased the furniture and furnishings from Mrs. Craig, and acting upon such belief, and in good faith, accepted said lease without taking the same to her counsel for further ex-

amination, and acting upon the assurances and representations that she need not read said lease, she signed said lease without reading any part thereof, and that at the time she affixed her signature to said lease she had no knowledge as to what it contained, save and except that she believed what defendant had said to her that the lease contained, and plaintiff signed said lease solely and only on such belief; that plaintiff delivered the money herein referred to, represented by checks, to the defendant, $500 to be applied on the rent of the lease of said premises, and $500 to be applied toward the purchase of the furniture herein referred to, said application to be made by the defendant; that two days after the receipt of said lease, the plaintiff read the same and discovered that it had not been corrected as promised, and that paragraph 15 thereof remained therein just as in the original draft, and plaintiff discovered that the defendant had not used the sum of $500 as a deposit on the furniture, and had not purchased the furniture from Mrs. Craig, and that Mrs. Craig had sold and disposed of the furniture to other parties; that immediately upon discovering defendant's fraud and deception, plaintiff went to defendant and made a demand upon defendant for the rescission of said contract and repayment to her of the sum of $1,000 paid to her as aforesaid; that the defendant failed and refused, and still fails and refuses, to repay said plaintiff said sum of $1,000, or any part thereof, or to rescind said contract; that the plaintiff has never received anything of value from defendants; that she had not taken possession of the premises or any part thereof, and the defendant still has possession of the same; that the plaintiff discovered said fraud on or about the eighteenth day of September, 1926, and on the same day she made demand upon defendant for rescission and return of the money.

The complaint further sets forth the institution of an action by the plaintiff in the municipal court of the city of Los Angeles for the recovery of $1,000, in which action the facts herein referred to also appear. The prayer of the complaint is as follows: "That the plaintiff recover judgment against the defendant in the sum of $1000.00 with interest thereon at the rate of 7 per cent from September 14, 1926, and that by the decree of the court said contract or lease be annulled, canceled and declared void." To this

complaint the defendant Susan B. McGrew appeared and filed a demurrer in the following language (omitting the title) : "I. That said complaint does not, nor does any of the causes of action therein stated, state facts sufficient to constitute a cause of action against said defendant; II. That said action, and each of said causes of action, and the subject matter thereof, are without the jurisdiction of said Superior Court." The minutes of the court show that on the twenty-fifth day of February, 1930, an order was made sustaining the defendants' demurrer to the plaintiff's complaint, on the ground that the court had no jurisdiction.

All the facts presented in this cause appear to have been passed upon in an action begun by the plaintiff against the defendant in the municipal court of the city of Los Angeles, in which court the plaintiff had judgment, and upon appeal to the superior court the judgment was reversed on the ground that the municipal court had no jurisdiction. An appeal therefrom was taken to the District Court of Appeal, where the judgment of the superior court was affirmed. (See *Freligh* v. *McGrew,* 95 Cal. App. 251 [272 Pac. 791].) In the opinion there reported all the facts to which we have referred were set forth practically the same as appear here, save and except our statement may be slightly fuller, and in the consideration of the facts and circumstances presented in this cause the court, in its opinion affirming the judgment of the superior court, held that the action was essentially an action in equity for the rescission of the lease. The right to the return of the money is based upon a rescission of the lease. The right to the rescission of the lease is based upon the alleged fraudulent representations of the defendant.

In the opinion to which we have referred a slight error appears as to dates, which led the court to say that the plaintiff did not promptly attempt to rescind. The opinion erroneously states that the lease was signed in September, 1924, and the action was filed in the superior court in October, 1926, whereas, in truth and in fact, the lease was signed in September, 1926, and the action was begun in a little over a month thereafter, and not two years later, as erroneously stated in the opinion. Furthermore, it appears in the complaint in the action before us that the plaintiff had not taken possession of any of the property referred to in the

lease, and therefore there was nothing for her to return, save and except to return the lease and demand rescission, which appears to have been promptly tendered in this case, and within two days after the discovery of the alleged fraud.

By the act of the legislature approved May 25, 1929 (Stats. 1929, p. 837), municipal courts are given jurisdiction as follows: "1. All cases at law in which the demand, exclusive of interest, or the value of the property in controversy, amounts to $2000.00 or less"; and then, after specifying other cases in which municipal courts have jurisdiction, provides: "Each Municipal Court shall have jurisdiction in all cases in equity when pleaded as defensive matter or by way of cross-complaint, in any case at law commencing (commenced) in the Municipal Court of which it has exclusive jurisdiction," etc.

By a reference to the act from which we have quoted in part, it is apparent that the municipal court has no jurisdiction of the cause of action set forth in the complaint herein, and that the cause was properly begun in the superior court as the essential basis of the action; and the only theory upon which the plaintiff can prevail is that she is entitled to a rescission of the contract.

This brings us to a consideration of the defendant's demurrer to the plaintiff's complaint. As appears by reference thereto, the demurrer is general and pleads only that the facts stated are not sufficient to constitute a cause of action. Upon this appeal the respondent relies upon subdivision 4 of section 338 of the Code of Civil Procedure, in that this action was not begun within three years after the discovery of the fraud. However, the demurrer in this action does not raise the question of the statute of limitations. The decisions in this state uniformly hold that the statute of limitations is a personal privilege and must be specially pleaded.

The respondent refers to the case of *Young* v. *California State Board of Pharmacy*, 273 Fed. 30, 33, as supporting her contention. A reading of the language quoted from the opinion in that case shows that the respondent's contention is not supported. It is there said: "It is contended that the demurrer of the other defendants was insufficient, because it set up the bar of the statute as an insufficient statement of facts to constitute a cause of action." Why was

the demurrer not sufficient? Insufficiency of the statement in the complaint clearly consisted of the failure of the plaintiff to allege facts showing that the cause of action arose within three years. This was a defect apparent on the face of the complaint. The court was unquestionably right in sustaining the demurrers. This statement of the law is in accordance with the holding of California courts that the demurrer for insufficiency of facts must state, among other things, that the cause of action is barred by the statute of limitations. The case referred to holds specifically that the bar of the statute was distinctly raised by the demurrer. In the instant case the demurrer does nothing of the kind.

In 16 California Jurisprudence, page 608, section 204, we find the following text supported by abundant authorities: "The defense that a cause of action is barred by the statute of limitations cannot be raised by a general demurrer which merely states in general terms that the complaint does not state facts sufficient to constitute a cause of action. The ground that the cause of action is barred must be specifically pointed out, whether the demurrer is to the complaint or a counterclaim. This is the only exception to the rule that a general demurrer need not specify in what particulars it is claimed a complaint is insufficient. Since it is not the office of a demurrer to set out the facts, the demurrer need not, and should not, state facts showing the defense. While a demurrer may specify the particular code section by the provisions of which it is claimed that a cause of action is barred, it need not do so. If the particular code sections relied upon are specified, other sections will not be considered, and if the wrong section is pleaded, the demurrer must be overruled."

As shown by a reference to section 202 of the same volume, where the demurrer is on the ground that the statute has run, the statement in the demurrer to the effect that the complaint does not state facts sufficient to constitute a cause of action must be supplemented by a direct reference to the bar of the statute. This question has been passed upon a number of times by the Supreme Court, as appears by the citations contained in the case of *Union Oil Co. of Cal.* v. *Purissima Hills Oil Co.*, 181 Cal. 479, 480 [185 Pac. 381], where it is said: "Undoubtedly the bar of the statute of limitations should have been set up by de-

murrer, calling attention to the proper sections of the code'' (citing a number of cases).

In *California Safe Deposit & Trust Co.* v. *Sierra Valleys Ry. Co.,* 158 Cal. 690 [Ann. Cas. 1912A, 729, 112 Pac. 274, 278], the court had before it a similar question, and in the opinion we find the following: ''While defendants had been permitted to demur on the ground that the action was barred, the only subdivision of Section 430 (C. C. P.) under which its ground of demurrer could be brought was that 'the complaint does not state facts sufficient to constitute a cause of action'. But inasmuch as the statute of limitations is a special defense, personal in its nature, which may be waived or asserted, the party relying upon it must affirmatively set it up in his pleading. A demurrer merely stating that there is a want of facts will not suffice.'' (Citing *Brown* v. *Martin,* 25 Cal. 82; *Bliss* v. *Sneath,* 119 Cal. 526 [51 Pac. 848].)

In line with what we have said is the text found in 37 C. J., page 1209 et seq. (See, also, Bliss on Code Pleading, 3d ed., p. 632.)

The judgment is reversed with directions to the trial court to permit the defendant to answer within such reasonable time as the trial court may specify, if the defendant is so advised.

Parker, J., *pro tem.,* and Thompson (R. L.), J., concurred.