[Civ. No. 7389. Second Appellate District, Division One.—August 4, 1932.]

BOULEVARD LAND COMPANY (a Corporation), Appellant, v. LILLIAN B. KING, Respondent.

Walter C. Durst for Appellant.

Walter M. Campbell for Respondent.

TAPPAAN, J., *pro tem.*—Plaintiff Boulevard Land Company instituted an action to recover certain payments alleged to be due it under the terms of a contract for the sale of real property. The contract provided for payment in monthly installments. During the trial a supplemental complaint was filed which prayed for judgment for the entire balance remaining unpaid of the purchase price stipulated in this contract. Defendant King filed an answer to the complaint and a cross-complaint alleging fraud on the part of plaintiff and praying judgment for damages for moneys paid and loss of profits. The cross-complaint also contained a second count alleging a cause of action for moneys had and received. The trial court found against plaintiff upon the complaint and for the defendant upon the cross-complaint. From the judgment entered upon the cross-complaint in defendant's favor plaintiff appeals.

Appellant's first specification of error is: "The evidence is insufficient to sustain the findings of the court." The finding to which appellant addresses this attack and parts of which are quoted in its brief, set forth in effect that appellant, as vendor of a parcel of real property, as an inducement to respondent to purchase said property, agreed to resell the same for respondent within one year from date of purchase at a profit of not less than $3,000, and that this promise was made without any intention upon the part of appellant of performing the same. For a clear understanding of the point involved it is necessary to briefly summarize the evidence as contained in the record here.

Defendant testified: "I told them if they could assure me of making about $3,000.00 which I needed, and promised it, why, I would take the lot." To which she stated plaintiff's salesman replied: "If you will take this lot, I can practically guarantee you that the lot will be sold and relieve your necessity. And he knew he could readily sell it and make me $3,000.00." On the subject of the resale of the lot "there was no doubt that in a short time . . . this was in August . . . he said January 1st, he was to be the salesman in charge, . . . " The agent of appellant who made the sale to respondent, and was a witness on appellant's behalf, testified: "Q. Did you make any statements to Dr. King (respondent) that the Boulevard Land Company (appellant) would resell the property? A. I don't recall whether I did or not. I have told that, because I had been told to tell it; that when the time was right they would have a resale office at Girard the same as they have at Walnut Acres or West Adams after it was sold out. She (respondent) said she wanted to make some money and I told her if she would hold it a reasonable length of time she would make some money; good property. I believe I answered that when I said that when the time was right we would put in the resales office and sell their property." In reference to respondent's testimony that she had to have $3,000, this witness testified: "She may have made it but I don't recall it." The record discloses more testimony similar in effect to that quoted. There is no evidence that appellant at any time attempted to resell the lot. There is evidence that some three years after the sale of the lot to respondent and prior to the filing of this action respondent offered to quitclaim the lot in question to appellant. There is also some evidence that respondent attempted to contact the agent of appellant who sold her that lot through appellant and that the agent was not informed of this by appellant. There is evidence in the record to support the finding attacked by appellant, though in some instances there may be present a conflict in the testimony given, a question of fact is presented, and the finding of the trial court cannot be questioned here. "So in civil cases tried without a jury where fraud is an issue, it is for the trial court to determine the weight of the evidence, and while it cannot find fraud upon a mere suspicion, yet if there is any substantial evidence tending to prove fraud, it is for

the trial court to determine whether such evidence out-weighs or preponderates over that adduced in opposition thereto, and when the trial court has found that such evidence does so preponderate, its decision thereon is final, and an appellate court has no right or authority to disturb such a finding, even though the appellate court may be of a contrary opinion as to the weight of such evidence.'' (*Noll* v. *Baida,* 202 Cal. 98, 101 [259 Pac. 433, 434].)

In the case at bar there is evidence of a substantial nature to sustain the finding of fraud and the conflicting evidence to be found in the record is not sufficient to warrant this court in holding that, under the circumstances here present, the evidence as a whole is not ''clear and satisfactory''.

Appellant's contention that the promise to resell amounted to a mere opinion, and therefore is not actionable is without merit when all the facts of the case are considered. The isolated statement might be so considered, but when read in conjunction with the testimony as a whole it is clear that the statement was made and relied upon as one of fact not opinion. The finding made by the court ''said promise was made . . . without any intention upon its part of fulfilling and keeping the same'' is one that as a rule cannot be supported by literal proof, but must be sustained by evidence of a circumstantial nature. In *Holliday* v. *Tolosano,* 39 Cal. App. 151, 153 [178 Pac. 170, 171], the court makes this statement: ''It is also true that there is no direct evidence in the record before us that at the time of making the contract here involved there was any preconceived, secret intention on the part of Tolosano not to perform it; but in this connection the record, in our opinion, discloses sufficient evidence from which it may be justly inferred that at the time of entering into the contract Tolosano had in fact no intention of performing his obligations thereunder. What a person's intent in such a matter may be is often a difficult thing to determine. It usually must be ascertained from his future conduct and speech, and the fact as to such intent is one peculiarly to be deduced by process of reasoning from the facts in evidence by the trial judge.'' The evidence in the instant case when measured by the rule as stated in the above quotation is ample to sustain the finding as made by the court in that regard. The court found the contract worthless and valueless *to defendant.* The evidence shows

conclusively that in entering into the contract the respondent had a specific and disclosed reason, the securing for her necessities of the sum of $3,000. This reason and this reason only induced her to make the contract. She failed in the securing of the sum contemplated and through the change in attitude of appellant was subjected to suit for a large alleged balance due it. The considerations which induced respondent to enter upon the transaction wholly failed and became valueless through appellant's dereliction.

Appellant's second specification of error, that the promise to resell was not such a promise as would constitute fraud has been already commented upon and the view expressed that the statement was one of fact. The authorities cited by appellant when considered in the light of the evidence existing in the instant case fail to sustain appellant's position. (12 Cal. Jur., p. 730, where many illustrations of the rule are cited.)

Appellant next assigns as error the fact that the trial court admitted evidence of the alleged agreement on the part of appellant to resell the property in question for respondent's benefit. Appellant in support of this contention relies upon the so-called best evidence rule prohibiting oral testimony to vary the terms of a written contract. Though this rule is without doubt one established both by statutory enactment and judicial decision there exists to it certain well-recognized exceptions among which is the rule that parol evidence is admissible to show fraud, since it does not in fact vary or contradict the contract, but shows that no binding contract was legally made. (*Wiberg* v. *Barnum*, 99 Cal. App. 323, 325 [278 Pac. 871].) The court having found that fraud existed and that respondent entered into the contract under its influence the instant case falls squarely within the exception just stated. What has been said in reference to the contract applies with equal force to the so-called "rider" or separate agreement attached to the contract at some time during the transaction.

It is next urged that "the judgment of the court is against the law" in that the remedy sought by respondent is rescission for fraud and that no notice of rescission was given nor was there any offer of restitution made. Under the circumstance of the instant case formal notice and offer to restore the consideration received was unnecessary. Re-

spondent did not institute the action, but merely asserted this right when sued by appellant. "The institution of the suit or the allowance of the amendment was sufficient notice of rescission in a case such as this. (*Zeller* v. *Milligan,* 71 Cal. App. 617 [236 Pac. 349].) This is especially true in equity where fraud is the basis of the claim and no legal prejudice to the defendants could have resulted." (*Rosemead Co.* v. *Shipley Co.,* 207 Cal. 414, 422 [278 Pac. 1038, 1042].) The evidence shows that respondent had offered to restore the property even before appellant instituted this action. ■ The measure of damages adopted by the court, though not as favorable to respondent as some rules of damages indicated in the cases cited, nevertheless is sustained by the evidence and is the usual rule adopted where judgment is entered under pleadings such as are contained in the second count of the cross-complaint herein. It should be noted that the evidence here presented is sufficient to sustain the allegation of this count as well as the first count.

The judgment appealed from is affirmed.

Houser, Acting P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 29, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 3, 1932.