[Civ. No. 645.  Fourth Appellate District.—January 18, 1933.]

E. MILLER, Appellant, v. AVERY R. PARKER et al., Respondents.

J. A. Gardiner for Appellant.

Mathes & Sheppard, James C. Sheppard and Robert A. Cushman for Respondents.

JENNINGS, J.—Plaintiff instituted this action to recover from defendant the sum of $1,090 and interest thereon at the rate of eight per cent per annum from July 1, 1927. The complaint is based on a promissory note which is alleged to have been executed by defendant in the state of Nebraska on July 1, 1924, payable one year after date. The note is set forth *in haec verba* in the complaint. It is also alleged in the complaint that the payee of the note for a valuable consideration and prior to maturity indorsed and delivered it to plaintiff, who is the owner and holder thereof and that no part of the principal of said note has been paid. It is further alleged that the note constitutes a contract which is governed by the laws of the state of Nebraska and certain statutes of limitation of said state which are applicable to actions founded upon contracts are set forth. To the complaint thus drawn the defendant interposed a' demurrer on the single ground that it "does not state facts sufficient to constitute a cause of action against this defendant". The demurrer was sustained without leave to amend and judgment was thereupon rendered ordering that the action be dismissed and that defendant recover his costs. From the judgment so rendered plaintiff appeals.

It is conceded that the single point urged by respondent in support of the demurrer was that the complaint shows on its face that it is barred by the statute of limitations. It is, however, clearly established in California that even if it appears upon the face of a complaint that the cause of action therein alleged is barred by the statute of limitations, the defense is nevertheless not available unless it is pleaded and that it may not be raised by a general demurrer but must be specifically stated as a ground of demurrer (*Bliss* v. *Sneath,* 119 Cal. 526, 528 [51 Pac. 848]; *California Safe etc. Co.* v. *Sierra etc. Co.,* 158 Cal. 690, 698 [112 Pac. 274, Ann. Cas. 1912A, 729]; *Murphy* v. *Stelling,* 8 Cal. App. 702, 706 [97 Pac. 672]; *McDowell* v. *Title Guarantee etc. Co.,* 48 Cal. App. 400, 404 [192 Pac. 103]; *Hanley* v. *Murphy,* 70 Cal. App. 157, 166 [232 Pac. 767]; *Freligh* v. *McGrew,* 124 Cal. App. 405 [12 Pac. (2d) 965]).

■ Respondent concedes that such is the rule, but makes the novel contention that because the complaint shows on its face that the cause of action is barred by the statute the judgment should be affirmed, since if it is reversed the bar of the statute may hereafter be properly presented and must be sustained, necessarily resulting in the rendition of a judgment in respondent's favor. From which it is argued that the reversal of the judgment herein for the reason that respondent's demurrer was improperly sustained would be entirely ineffectual. It is obvious that to sustain respondent's contention in this regard would amount to complete nullification of the rule that the bar of the statute of limitations may be raised by demurrer only when the complaint shows on its face that the cause of action is barred and that the bar of the statute must then be specially pleaded as a ground of demurrer. One element necessary for the application of the rule is that the defect shall appear on the face of the complaint. If it does not so appear the defense must be pleaded by answer. A second necessary element is that the defect shall be specifically stated as a ground of the demurrer. The bar of the statute is a special defense, personal in its nature, and reliance upon it must be affirmatively shown to warrant consideration of it by the court (*Bliss* v. *Sneath, supra*). Furthermore, we cannot assume that this litigation must necessarily terminate in the rendition of a judgment in respondent's favor. It may be that appellant, if permitted so to do, can amend the complaint by the inclusion therein of allegations which will show that the statutory bar is not available to respondent. At all events, the rule which requires that a demurrer, in order to raise the question that the cause of action is barred by the statute of limitations, must specifically state the statutory bar as a ground therefor is too well established in California to permit sustaining respondent's contention.

■ It is further urged that the rule requiring specific statement of the statutory bar as a ground of demurrer is not here applicable because the complaint pleads the statute of limitations of the state of Nebraska for the express purpose of showing that the cause of action is not barred. In support of the contention thus advanced it is argued that by pleading the Nebraska statute of limitations in his com-

plaint appellant specifically made the question of whether or not the cause of action is barred an issue in the case and that having done so a general demurrer is sufficient to raise the defense. It may be conceded that the reason for pleading the Nebraska statutes is for the purpose of showing that the cause of action is not barred by the statute of limitations of that state. If, however, we assume that it is the law of Nebraska with respect to the limitation of actions which governs and that the complaint shows on its face that the cause of action is barred by the Nebraska statute the situation is no different than if we assume that the law of the forum governs and that the complaint shows on its face that the action is barred by the California statute. In the latter case, as we have hereinabove shown, the rule is established that the defect of the statutory bar appearing on the face of the complaint must be specified as a ground of demurrer and may not be raised by general demurrer. Since the situation is identical so far as the question of the bar of the statute is concerned it follows that the same rule is applicable.

It may be observed in conclusion that if the complaint shows upon its face the existence of defects which may properly be reached by general demurrer, the judgment should be affirmed. Examination of it fails to disclose the presence of such defects and there is no pretense by respondent that any ground for demurrer other than the bar of the statute of limitations appears in the complaint.

For the reasons herein given the judgment is reversed and the court is directed to overrule respondent's demurrer to the complaint.

Barnard, P. J., and Marks, J., concurred.