[L. A. No. 14011.   In Bank.—March 30, 1935.]

ORREL L. GRAHAM et al., Appellants, v. LOS ANGELES FIRST NATIONAL TRUST & SAVINGS BANK (a National Banking Association), Respondent.

Willedd Andrews for Appellants.

John L. Mace, John C. Campbell and Arch R. Tuthill for Respondent.

CURTIS, J.—This appeal is from a judgment dismissing the action after an order sustaining a general demurrer of the defendant bank to the third amended complaint without leave to amend.

The third amended complaint, which we will refer to hereinafter as the complaint, sets up that on the first day of June, 1928, plaintiffs entered into a contract with the Los Angeles First National Trust and Savings Bank for the purchase of a certain lot or parcel of land situated in the city of Burbank, county of Los Angeles; that the personal defendants, one of whom operated under the name of Hollywood Organization, were jointly responsible for the execution of the contract by the appellants, and that the corporate defendant, Los Angeles First National Trust & Savings Bank, was acting as trustee for the other defendants. The complaint alleges, after setting out a *verbatim* copy of the contract, that appellants were induced to execute the contract by the defendant, James J. Toy, one of the partners, who represented and stated to them as follows:

"That all improvements, including a paved street, curbings and sidewalks, would be installed upon the tract of land and in front of Lot 97 of the tract of land known as Tract 10363, and that said improvements would be made within a reasonable time and without expense to any purchaser of any property therein referred to and in particular of Lot 97 of said Tract 10363.

"That water and gas mains would be piped to said Lot 97 in Tract 10363 within a reasonable time and without expense to any purchaser of said property known as Lot 97 in Tract 10363.

"That electric lines would be installed on said Tract 10363 and adjacent to said Lot 97, within a reasonable time and without expense to any purchaser of said property known as Lot 97 in Tract 10363."

There then follows appropriate allegations to the effect that the defendants at no time had any intention of per-

forming or carrying out or completing the improvements; that plaintiffs relied upon and believed the statements so made; that plaintiffs had paid certain amounts upon the purchase price; that on or about the fourteenth day of October, 1930, plaintiffs discovered said representations were untrue and that no curbings and sidewalks had been installed, no water mains or gas mains had been piped, and that no electric lines had been installed; and that thereafter on April 24, 1931, they served upon the defendants and each of them notice of cancellation of said agreement and a demand for the return of the money paid as principal and interest to the defendants, together with the money paid out as taxes, and containing a tender and offer to assign or reassign said agreement of sale. Further allegations followed that the defendants have refused said offer, and that the delay in filing plaintiffs' action to cancel, annul and set aside the agreement of purchase was due to the fact that plaintiffs, after the discovery of the falsity of the representations, had entered into negotiations with the defendants to adjust said matters and that during the negotiations they were requested by one of the defendants to defer the commencement of legal proceedings until the return of another defendant to the state when the matter could be adjusted and cleared up to the satisfaction of the plaintiffs.

Respondent bank filed a forty-page brief specifying five particulars in which it contends that said third amended complaint fails to state a cause of action against said defendant bank. The five particulars in which respondent claims that appellants failed to state a cause of action are as follows:

1. There are no allegations in the complaint as to who was to make the improvements. Representations by a seller to the effect that improvements will be made by third persons constitute mere expressions of opinion and rescission cannot be based thereon unless it appear that some control is exercised by the seller over such third person.

2. In the absence of any allegations in the complaint that the respondent bank held in its possession any money of, or was indebted to, the personal defendants, said complaint fails to state a cause of action against the bank to recover money paid on the contract.

3. The plaintiffs, in order to state a cause of action, must allege the facts and circumstances surrounding the discovery of the alleged fraud.

4. The plaintiffs' notice of rescission was not given promptly as required by section 1691 of the Civil Code.

5. Plaintiffs' offer to reassign the contract is not a sufficient offer to restore to the other parties everything of value which they had received under the contract, since it was not an offer to deliver up possession of the property.

Appellants made no answer to this brief and the cause was submitted for decision without oral or any further argument. Appellants' opening brief, in addition to its statement of facts, sets forth two general principles of law, first, that in the construction of a pleading for the purpose of determining its effect, its allegations must be liberally construed with a view to substantial justice between the parties; and second, that in a complaint seeking cancellation of an instrument based upon fraud, the facts constituting the fraud only must be specifically stated. These statements with supporting authorities occupy less than two pages. It is apparent that in the solution of the questions presented by the appeal, the court has had absolutely no real help from the attorney for the appellants. It would seem from the fact that an attorney devotes none of his time or efforts to furnishing the court with argument and authorities in support of his appeal that he must necessarily deem it utterly lacking in merit, and that the court, taking the appeal at the attorney's own valuation, would be warranted from this fact alone in concluding that such appeal was a frivolous one, and summarily dismissing it with a penalty. At the very least, such a failure shows an utter lack of conception of the duties of an attorney upon taking an appeal.

We have, however, taken the time to make an independent research and, inasmuch as such research has convinced us that the demurrer was improperly sustained, we have decided to refrain from penalizing the clients by dismissing the appeal. We will take up in order the various grounds upon which respondent bank claims the general demurrer was properly sustained.

■ 1. We are not impressed with the argument that the representations made to the purchasers by the sellers were

merely erroneous predictions as to the future conduct of third persons and therefore were not actionable. Whether the representations to the purchasers that all improvements, including paved streets, curbings and sidewalks, would be installed upon the tract of land, that water and gas mains would be piped to said lot, and that electric lines would be installed on said tract adjacent to said lot within a reasonable time without expense to purchasers be considered as a promise of the sellers to do these things or to procure them to be done, or merely as a statement as a fact of the course of action which would be followed by other persons, not warranted by the information at the command of the person making such representations, they are equally actionable. If considered in the category of a promise of the sellers, it is actionable. A promise made without any intention of performing it constitutes actual fraud and deceit. (*Boulevard Land Co.* v. *King,* 125 Cal. App. 224 [13 Pac. (2d) 864].; *Greenberg* v. *Du Bain Realty Corp.,* 2 Cal. (2d) 628 [42 Pac. (2d) 628].) If it is merely a statement as a fact, which should have been stated as a belief, that certain improvements would be made by third persons, it is equally actionable. (*Curtis* v. *Title Guarantee & Trust Co.,* 3 Cal. App. (2d) 612 [40 Pac. (2d) 562].) The allegations of the complaint herein, relative to the misrepresentations of the beneficiary-sellers, if proven, are sufficient to justify a rescission of the contract of purchase.

2. Equally untenable is the contention of the respondent bank that inasmuch as the representations were not made by it, but by the individual respondents, the beneficiaries who were also the sellers, and the complaint contains no allegation that the respondent bank has the money of or is indebted to said beneficiaries, the complaint fails to state a cause of action against respondent bank to recover the money paid on the contract. Since the bank held legal title to the real property which the plaintiffs agreed to purchase, it follows that in the negotiations of purchase and sale relating to the real property, the bank stood in the position of principal and the beneficiary-sellers stood in the position of agents. It is now settled by the recent cases of *Speck* v. *Wylie,* 1 Cal. (2d) 625 [36 Pac. (2d) 618, 95 A. L. R. 760]; *Curtis* v. *Title Guarantee & Trust Co., supra,* and *Greenberg* v. *Du Bain Realty Corp., supra,* that a pur-

chaser who has been induced to enter into a contract by the fraudulent misrepresentations of an agent, by rescinding the contract may recover the consideration paid from the principal, although the principal was in fact ignorant of the representations made, and although such principal had attempted to limit its liability by a clause in the contract to the effect that it would only be bound by the representations contained in the written contract. This is upon the theory that an innocent principal so contracting may not be permitted to enrich itself by reason of its agent's fraud, and that any property received by such principal is held by it as a constructive trustee for the person defrauded. The case of *Wantz* v. *Union Bank & Trust Co.*, 137 Cal. App. 98 [29 Pac. (2d) 882, 31 Pac. (2d) 826], relied upon by respondent bank as exempting it from such liability, was decided prior to the three last-named cases, and was based upon the theory of *Gridley* v. *Tilson*, 202 Cal. 748 [262 Pac. 322], which theory has been modified by these three decisions.

Although the complaint does not state that the bank as trustee holds funds for or is indebted to the beneficiaries, yet it does set forth the fact that the bank holds legal title to the real property in trust for the beneficiaries, that the purchasers entered into the agreement with the bank as holder of the legal title, that they paid over to the bank on the purchase price of said lot the various sums set out in said complaint, that they had made a demand upon the bank for a return of said purchase price, and that said demand had not been complied with. These allegations are sufficient to render the bank liable, at least in its relation as trustee, for the repayment of the purchase price received by it.

3. In support of its contention that the complaint herein failed to state a cause of action because it failed to set forth the facts and circumstances surrounding the discovery of the fraud, but merely set out the date of the discovery, respondent relies upon the rule set out in *Consolidated R. & P. Co.* v. *Scarborough*, 216 Cal. 698 [16 Pac. (2d) 698], and *Lady Washington C. Co.* v. *Wood*, 113 Cal. 482, 486 [45 Pac. 809]. In both these cases demurrers specifically setting up the statute of limitations had been interposed. It may be conceded that these cases are definite

authority for the rule that if the defense of the statute of limitations is properly presented, the complaint is vulnerable unless it shows facts and circumstances surrounding the discovery of the fraud from which the court may decide that the facts and circumstances furnish justification for a suspension of the statute until the discovery of the facts constituting fraud. In the instant case, however, the defense of the statute of limitations was not interposed. The demurrer was a general demurrer which did not specify the statute of limitations. Although the defense may be raised by a general demurrer, such demurrer must specify that the ground relied on is the bar of the statute of limitations. (*California Safe etc. Co.* v. *Sierra etc. Co.,* 158 Cal. 690 [112 Pac. 274, Ann. Cas. 1912A, 729]; *McFarland* v. *Holcomb,* 123 Cal. 84, 87 [55 Pac. 761].) The two cited cases relied upon by appellants are therefore not applicable to the facts in this action.

Respondent seeks to apply the rule set out in the cases of *Consolidated etc. Co.* v. *Scarborough, supra,* and *Lady Washington C. Co.* v. *Wood, supra,* that a complaint must contain allegations of facts and circumstances surrounding the discovery of the fraud, in order to successfully meet the bar of the statute of limitations, to the instant case involving rescission on the ground of fraud. No cases directly in point are cited, however. *Bancroft* v. *Woodward,* 183 Cal. 99 [190 Pac. 445], cited by respondent as its principal authority in support of this contention, does not support it. In that case the evidence failed to show any excuse on the part of the cross-complainant for delaying two and a half years after discovering the fraud before attempting to rescind. No demurrer was interposed to the cross-complaint and the case was decided upon the evidence and not upon the pleadings. We think, therefore, that that case is not applicable to the situation before us in this case.

4. The contention that appellants delayed so unduly in giving formal notice of rescission after discovery of the falsity of the representations that they lost their right of action is adequately answered by the allegations of the complaint which alleged that the delay in rescinding was caused by the negotiations with the defendants looking toward an amicable settlement of the matter. A delay in rescinding a contract on the ground of alleged false

representations which is the result of indulgence shown to the party perpetrating the fraud is not available as a defense in an action for rescission. (*Hunt* v. *L. M. Field, Inc.*, 202 Cal. 701, 704 [262 Pac. 730] ; *Gist* v. *Security Trust & Savings Bank*, 218 Cal. 581 [24 Pac. (2d) 153].)

█ 5. We are of the opinion that appellants' notice of rescission containing the offer to reassign the contract was a sufficient offer to restore to the opposite parties everything of value received. The complaint contains no allegations which indicate that the appellants ever went into actual possession of the property. It is true that there is a provision in the contract, which was pleaded *in haec verba,* to the effect that possession was delivered to the buyer, but the statement contained in such contract cannot be treated as equivalent to an averment that possession was in fact transferred. (*Hayt* v. *Bentel,* 164 Cal. 680 [130 Pac. 432].)

█ The fact that appellants were in default at the time of the giving of the notice of rescission, which may be deduced from the complaint if the total amount paid by appellants be divided by the amount of each installment to be paid, is also immaterial, as the rule that a person in default cannot rescind has no application to an action based upon the ground that the contract was induced by fraudulent representations. (12 Cal. Jur. 791.)

The complaint herein is not a model of pleading. Nevertheless, we are constrained to hold that it does state a cause of action as against respondent and that, therefore, the general demurrer thereto was improperly sustained.

Judgment is reversed.

Langdon, J., Preston, J., Waste, C. J., and Seawell, J., concurred.