[Civ. No. 10964. Second Appellate District, Division One.—December 30, 1936.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a Banking Corporation), Respondent, v. ELWIN WITT AMES et al., Appellants.

312

A. P. G. Steffes for Appellants.

Dana R. Weller for Respondent.

BISHOP, J., *pro tem.*—Plaintiff successfully sought judgment in the court below to recover some sums due under a contract providing for the sale of real estate. The defendants seek on appeal, unsuccessfully, to reverse the judgment on three grounds: that the evidence shows that they were induced to enter into the contract through fraud; that there was a total failure of consideration; that the trial court had no jurisdiction of the subject-matter of the action.

■ The fraud alleged and relied upon was the making of a promise to resell the property purchased at a profit, without intent to perform. Such a promise, if so made, may be a valid defense to an action such as this. (*Boulevard Land Co.* v. *King*, (1932) 125 Cal. App. 224 [13 Pac. (2d) 864].)

■ The trial court in the case under consideration, however, found that the promise was not made, and the evidence supports the finding. Whatever other interpretation the trial court might have placed on the negotiations leading up to the signing of the contract, its conclusion that the salesmen's statements were given and received as a prophecy, not as a promise, was warranted. One answer will serve as an example of defendants' testimony: "The substance of their conversation was that they would probably be able to turn it for me in that time for $5,000.00." Other like statements were evidently accepted by the trial court as an accurate report of what was stated, and no promise was found.

■ The contention that there was a total failure of consideration is made dependent upon the making of the promise to resell, the failure to perform which is the failure of consideration complained of. The failure, as the trial court determined, was not in the consideration, but in the proof. We have no occasion to reverse the trial court's conclusion.

Appellants' argument that the lower court was without jurisdiction to entertain the action is this: By the complaint it appears that many of the sums that go to make up the total of $2,236.75, exclusive of interest, for which judgment was prayed, were instalment payments due and payable more than four years before the action was commenced, and if these outlawed items were disregarded, the total, for which judgment could be given, would be a sum not within the court's jurisdiction. It is true that a subtraction of the outlawed instalments left the total due for principal much less than $2,000; judgment was entered for $1659.61, a sum which included interest. It does not follow, however, that the trial court lacked jurisdiction.

■ Some confusion has been created by our rules of pleading respecting the statute of limitations, which gives a semblance of substance to appellants' contention. Where a complaint shows on its face that the cause of action presented is barred by the statute, it has become the common, accepted practice to present the bar by demurrer. Section

430 of the Code of Civil Procedure, which sets forth seven grounds of demurrer to a complaint, does not expressly authorize the practice. However, we read in *California Safe etc. Co.* v. *Sierra etc. Co.*, (1910) 158 Cal. 690, 698 [112 Pac. 274, Ann. Cas. 1912A, 729] : "While defendants have been permitted to demur on the ground that the action was barred, the only subdivision of section 430 under which this ground of demurrer could be brought was that 'the complaint does not state facts sufficient to constitute a cause of action'," and again, in the same opinion: "the only ground of demurrer applicable is the failure to state facts sufficient". A more satisfactory explanation of our present practice may be found in the fact that "The late Supreme Court held, in several cases, that the defense of the Statute of Limitations could be interposed by demurrer, and the ground of the decision was, that the pleadings under our system more nearly assimilate equity than common-law pleadings under the former system, and that in equity the defense of the Statute of Limitations could be made by demurrer," according to *Brown* v. *Martin*, (1864) 25 Cal. 82, 89. In its opinion the court goes on to say, by way of recommendation to the profession, that the demurrer in recognition of equity practice and in deference to the requirements of the practice act should be phrased (p. 90) : "The complaint does not state facts sufficient to constitute a cause of action, because the cause of action therein alleged has not accrued within five years next preceding the filing of said complaint."

In spite of the form in which a demurrer presenting the bar of the statute should be cast, or the theory on which it is permitted, we are of the opinion that the problem presented is not whether a cause of action is stated, but whether the cause which is stated is or is not barred. That is to say, even though the complaint in the present action had disclosed that all the sums sued for were barred, it would, nevertheless, state a cause of action. It follows, accordingly, that it states a cause of action within the jurisdiction of the superior court, even though some of the recovery sought may be defeated by the application of the statute. While this conclusion may seem out of harmony with the form of the judicial legislation permitting a demurrer to be the vehicle by which the statute is pleaded, any other conclusion runs into greater inconsistencies.

■ Under a demurrer simply pointing out that the complaint does not state facts sufficient to constitute a cause of action, the defense that the action is barred by the statute is not raised. (*Brown* v. *Martin, supra; Freligh* v. *McGrew,* (1932) 124 Cal. App. 405, 410 [12 Pac. (2d) 965] ; *Miller* v. *Parker,* (1933) 128 Cal. App. 775, 776 [18 Pac. (2d) 89].) Moreover, while the objection that sufficient facts are not stated is not waived by a failure to demur (section 434 of the Code of Civil Procedure), a failure to make objection by demurrer that the action is barred does waive the objection. (*Freligh* v. *McGrew, supra,* and *Miller* v. *Parker, supra.*) Also, see, *Union Sugar Co.* v. *Hollister Estate Co.,* (1935) 3 Cal. (2d) 740, 744 [47 Pac. (2d) 273]. This is so because the bar of the statute is a personal privilege. (Cases last cited.) These decisions have no meaning if it is not this: A complaint states a cause of action, although it appears therefrom that the cause, or a part of it, is barred, for recovery may be had on the complaint unless the plea of the bar is raised.

Other decisions are in harmony with this conception of the effect of the statute, but in conflict with the position appellants take. The complaint need not show that the action is not barred (*Wise* v. *Williams,* (1887) 72 Cal. 544, 547 [14 Pac. 204] ; *McFarland* v. *Holcomb,* (1898) 123 Cal. 84, 87 [55 Pac. 761]), except in the case of an action for fraud, and even then a sufficient cause of action is stated unless the statute is pleaded. (*Graham* v. *Los Angeles etc. Bank,* (1935) 3 Cal. (2d) 37, 43 [43 Pac. (2d) 543] ; *Gillis* v. *Pan-American etc. Co.,* (1935) 3 Cal. (2d) 249, 256 [44 Pac. (2d) 311].)

■ By demurrer, the appellants pleaded the statute in the case at bar. Because, under any theory, a part of the claim was good, the demurrer was properly overruled. (*Etchas* v. *Orena,* (1900) 127 Cal. 588, 591 [60 Pac. 45].) By their answer, they again raised the defense that part of the claim was barred, as they might have defended that a part was discharged by payment. The trial court, then, had before it an action for over $2,000 to which a defense was interposed. It might have appeared on the trial, as in *Arocena* v. *Sawyer,* (1923) 60 Cal. App. 581 [213 Pac. 523], that the absence of one of the defendants suspended the statute as to him, although it had run as to the

other. That is to say, the raising of the defense did not oust the court of jurisdiction, but presented an issue for trial. Having jurisdiction to enter upon the trial it had jurisdiction to enter judgment for an amount less than that fixed as the measure of its jurisdiction. (*Turley* v. *Roberts*, (1929) 99 Cal. App. 71 [277 Pac. 878]; *Rosenkranz* v. *Bentley*, (1934) 220 Cal. 529 [31 Pac. (2d) 782].)

We find no reason to reverse the judgment. It is affirmed.

Houser, P. J., and Doran, J., concurred.