## NASH *v.* EL DORADO CO.

*(Circuit Court, D. California.   July 6, 1885.)*

1. COUNTY BONDS—SUIT AGAINST COUNTY—POLITICAL CODE CAL. §§ 4000, 4002, 4003.
     A county in California is a corporation, and liable to suit.
2. SAME—STATUTE OF LIMITATIONS—RESIGNATION OF COUNTY SUPERVISORS.
     That the supervisors of a county all resigned for the purpose of evading service of summons in a suit against the county, will not prevent the statute of limitations from running.
3. SAME—SUIT, HOW COMMENCED.
     Suit may be commenced in such sense as to stop the running of the statute of limitations by the filing of the complaint.
4. SAME—COUPONS—STATUTE RUNS FROM WHAT PERIOD.
     The statute of limitations runs upon coupons from the date of their maturity.
5. SAME—INTEREST ON BONDS—CIVIL CODE CAL. § 1917.
     Where no provision is made for interest, both bonds and coupons bear interest after maturity at the legal rate, whether the coupons are detached or not.

6. SAME—CONSTITUTIONALITY OF SPECIAL STATUTES OF LIMITATIONS.

It is competent for a state legislature to pass special statutes of limitations applicable to a particular county indebtedness.

7. SAME—ACTION, WHEN BARRED.

If an action on the bonds would be barred in a certain number of years after their maturity, an action on the coupons will be barred in the same number of years after their maturity.

At Law.

*B. S. Brooks,* for plaintiff.

*A. L. Rhodes,* for defendant.

SAWYER, C. J., (*orally.*) This is an action brought upon bonds of El Dorado county, issued by the county in pursuance of the statute, for the purpose of aiding in the construction of the Sacramento Valley Railroad. The action is brought upon the bonds and the coupons for interest upon the bonds. The bonds, in this instance, have 12 years to run, the bonds and coupons calling for the payment of interest semi-annually. The bonds provide for the payment of interest at 10 per cent. per annum, at specified times, semi-annually, "on surrender of the coupons for interest." Coupons were attached for interest running over the entire period till the maturity of the bonds. The action is, in form, upon the bonds, and for interest, with no separate counts upon the coupons. The main question relied upon is as to what, and for how long a period, interest can be recovered in view of the statute of limitations. The demurrer goes to the amount of the recovery, rather than the general sufficiency of the complaint. The object seems to be to get the ruling of the court as to what rate of interest the bonds and the coupons bear after maturity,—the interest called for in the bond being ten per cent. per annum,—and as to the effect of the statute of limitations on the coupons. That being the object, and these points having been argued, notwithstanding the difficulty of reaching the point by demurrer, I have no objection to expressing my views upon the subject now. It is claimed that the county is not liable to be sued at all. But the act of 1854, Statutes 1854, p. 45, authorizes counties to be sued. That act was in force until the adoption of the Code. Section 4000, Pol. Code, constitutes counties corporations, and sections 4002 and 4003 authorize them to be sued. Under that statute, and under the present Codes, then, the county, since 1854, has been, and it now is, subject to be sued on its bonds. It is alleged, for the purpose of avoiding the statute of limitations, that, for a certain period during the running of the statute on these bonds, there was no board of supervisors for El Dorado county, the members having all resigned for the express purpose of evading service of summons in a suit, so that no valid service could be made upon anybody. But, under the statute of limitations, no service is necessary to constitute the commencement of a suit. Code Civil Proc. § 350.

The suit is commenced within the meaning of the statute by the filing of the complaint; so there is no time that suit could not have

been commenced, within the meaning of the statute, against El Dorado county. Suit could have been commenced at any time in such sense as to stop the running of the statute of limitations. Coupons do not bear interest until they become due. I have no doubt that they bear interest from the date of their maturity at the *legal* rate. It has been repeatedly so held by the supreme court of the United States. All of the cases decided in the supreme court of the United States hold that the statute of limitations runs upon coupons from the date of their maturity. Though incidental to the principal agreement, they are independent obligations intended to be cut off from the bonds, and passed from hand to hand; and, it is held, whether cut off or not, that the right of action accrues upon them as soon as they fall due. But it is claimed by the complainant here that he has counted upon his bonds alone, claiming interest not on an independent contract, but only as an incident to and a part of the bond itself. The bonds provided that interest should be paid at specified times semi-annually, as designated in the coupons attached. The money fell due at specified times, the bond not being yet due, and the right of action accrued, and the holder could commence an action upon the maturity of those coupons. They could be cut off and transferred separately as independent negotiable paper. If I were to execute a mortgage to secure, say $6,000 borrowed money, giving three notes for $2,000 each, payable, respectively, one of $2,000 in one year, one in two years, and one in three years, there can be no doubt that an action would accrue on each as it matured. So, also, if instead of notes I should give a bond for $6,000, payable $2,000 in one year, $2,000 in two, and $2,000 in three years, it would be the same as in the case of the notes. Each installment matures at a particular time, and at that time the payee is entitled to his money; the right of action accrues, and an action may be commenced, at any time within the time prescribed by the statute of limitations after the right of action accrues. I have no doubt, therefore, that the right of action upon the coupons accrues upon the maturity of the coupons, and do not think the statute will be evaded in consequence of the coupons being for interest, and attached to the bonds. As to those coupons, then, against which the statute has run more than four years since their maturity before the commencement of the action, the action is barred under the statute of limitations. But, in this particular case, another point arises. A special act was passed in 1876 (St. 1875–76, p. 686, § 6) which suspended the running of the statute upon these particular bonds and coupons until the meeting of the next legislature; and in 1878 (St. 1877–78, p. 76, § 5) the same provision was again enacted, which suspended the running of the statute of limitations until the meeting of the following legislature,—the two periods in the aggregate amounting to over three years. On each occasion the running of the statute is expressly suspended by these special statutes. It is claimed that it is incompetent for the legis-

lature to pass a special law applicable to these cases alone. I think otherwise. I do not see any reason why the legislature might not pass a law suspending the running of the statute in these special cases as well as in any other general class of cases. The running of the statute was suspended during these periods, and that period must be added to the time prescribed by the general statutes. Adding this time, I believe all the coupons, except the last two on each class of bonds, are barred.

Another point requires notice. The claim is that these coupons do not mature until the maturity of the bonds. That is not the point decided in the cases relied on, cited from the United States supreme court. The point in *City* v. *Lamson*, 9 Wall. 477, and in *Lexington* v. *Butler*, 14 Wall. 282, was that a coupon would be regarded as a part of the bond, and the same term would apply to the coupon that would apply to the bonds. That is to say, if the bond is not barred until 20 years after its maturity, the coupons will not be barred till 20 years after they become due; the same limitations being applied to the coupons that is applied to the bonds. See *Clark* v. *Iowa City*, 20 Wall. 587. The question did not arise in these cases as to the time when the statutes began to run. It was only decided that after the statute began to run on the coupons it had the same time to run that the bond had after its maturity. It is very clear that no other question was passed upon. But it is equally clear that in the subsequent decisions in *Amy* v. *Dubuque*, 98 U. S. 474, and in *Koshkonong* v. *Burton*, 104 U. S. 668, the statute begins to run at the maturity of the coupons, whether the coupons are detached or not, and on the bonds from the maturity of the bonds. The time on the coupons is the same as the time on the bonds. If an action on the bond is barred in four years after the maturity of the bond, an action on the coupons is barred in four years after their maturity.

There is another question as to interest after maturity, and as to the rate. The bond is payable in 12 years; interest payable semi-annually, according to the coupons annexed. The interest on the bond, specified in the instrument, during the time is 10 per cent. There is no provisions as to interest after maturity. It is claimed that the bond, after its maturity, bears interest at ten per cent., or the rate prescribed in the bond. I do not think so. There is no contract in writing to pay interest at that rate after the maturity of the bond. The contract specifies a specific time for payment, and there is no provision for paying interest until actually paid. It is payable at a specified time, and at such rate as prescribed. The contract assumes that the money will be paid when it falls due, and makes no provision for any other contingency. There is no contract in writing as to the rate of interest to be paid after the bond becomes due. Until the time it becomes due the rate of 10 per cent. per annum prevails. There is no contract to pay interest on the bonds, or on the coupons, after they become due, and the interest is recoverable only

at the legal rate, in accordance with the express provision of the Code. Section 1917 of the Civil Code provides that: "Unless there is an express contract in writing fixing a different rate, interest is payable on all moneys at the *legal* rate of *seven per cent.* per annum *after they become due on any instrument of writing,*" etc. These bonds and coupons are instruments in writing, and they are governed by this provision of the Code. There is no contract in writing as to the rate of interest which the bonds or coupons shall bear after they become due. They must therefore bear the legal rate of 7 per cent. Section 1919 provides in what cases *interest* shall bear interest *according to the rate agreed upon as to principal;* and this case does not come within the provision.

The court granted a reargument upon the question of interest on application of defendant's counsel, upon which the following oral decision was rendered: Upon the reargument I do not see any grounds for changing the views before expressed. In my judgment the cases now cited by counsel for defendant from the California reports, arising upon statutes of the state, do not decide the precise points presented in this case. *Beals* v. *Amador Co.* 28 Cal. 449, is not like this. In that case there was only an equitable demand growing out of a division of the county, which the statute imposed upon the new county an obligation to pay. The sum fixed by the legislature was specific, and the obligation extended no further than the law expressly required. Besides, it was only to be paid from time to time, when the fund raised should be sufficient, and not, absolutely, on a specific day. *Soher* v. *Calaveras Co.* 39 Cal. 134, was similar to *Beals* v. *Amador Co.* in principle. So, as to interest on coupons after maturity, the case of *Savings & Loan Soc.* v. *Horton*, 63 Cal. 105, is different. In that case interest was charged upon interest after it became payable, due generally, and not upon coupons as separate contracts at the *contract rate paid on the principal,* which was different from and larger than the legal rate. The court held this to be erroneous under section 1919, Civil Code, before cited. I do not think it applies to this case.

The several points upon which an opinion is expressed are scarcely reached by the demurrer. But I understand that new bonds are expected to be issued in pursuance of a recent statute as soon as the amount of the liability of the county is judicially ascertained. Perhaps the views expressed will answer the purposes of the parties without further action. As no point is made as to the validity of the bonds, the complaint, at least, states a good cause of action for the amount shown to be due, not barred; and that, upon the views expressed, seems to be but a matter of calculation. So that the demurrer must be overruled, and it is so ordered, with leave to answer on or before the rule-day in August.