## The County of Williamson
*v.*
### Farson, Leach & Co.

*Opinion filed October 25, 1902.*

1. Bonds—*county may pay overdue bonds upon reasonable notice.* A county may pay its overdue interest-bearing bonds at any time, upon reasonable notice to the holders thereof.

2. Same—*what not reasonable notice that bonds will be paid.* A notice published three times within six days before the date set in the notice for presenting negotiable county bonds for payment is not such reasonable notice as will stop the interest on that date, as to holders not having actual notice of the call.

3. Same—*when broker is not liable to county for interest on bonds not presented when called.* An agreement by a broker to have funds on hand to take up county bonds at their place of payment when called does not render him liable for interest paid by the State Treasurer on bonds presented after the day fixed in the call, where neither the holders of such bonds nor the State Treasurer had notice that the bonds had been called, and where the same would have been paid by the broker if presented in accordance with the call.

*Williamson County* v. *Farson, Leach & Co.* 101 Ill. App. 328, affirmed.

Writ of Error to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Charles G. Neely, Judge, presiding.

William W. Clemens, for plaintiff in error.

Judson F. Going, for defendants in error.

Mr. Justice Hand delivered the opinion of the court:

This is an action of assumpsit brought by the plaintiff in error, against the defendants in error, to recover the amount of the interest, at eight per cent per annum, from January 1, 1895, to July 1, 1895, upon thirty-nine railroad bonds, of $1000 each, issued by the plaintiff in error, which it is claimed was paid out of the funds of the plaintiff in error by the State Treasurer by reason of the failure of the defendants in error to have on deposit

with the American Exchange National Bank, in New York City, by February 1, 1895, funds with which to pay the principal of said bonds and interest thereon to February 1, 1895, in accordance with their agreement with plaintiff in error for the refunding of said bonds. A jury was waived and the cause was tried before the court, and a judgment was rendered in favor of the defendants in error. An appeal was perfected to the Appellate Court, where the judgment of the circuit court was reversed and a judgment rendered in that court in favor of the plaintiff in error for the sum of $260, and a writ of error has been sued out by the county of Williamson from this court to review said judgment.

On the first day of January, 1872, by virtue of an act entitled "An act to incorporate the Murphysboro and Shawneetown Railroad Company," approved March 7, 1867, and an act entitled "An act to change the name of the Murphysboro and Shawneetown railroad to that of the Carbondale and Shawneetown railroad, and to make valid the subscription and agreement of the county court of Williamson county in regard to said railroad, and to further amend the act of incorporation approved March 7, 1867," approved March 10, 1869, and in pursuance of an election held in the month of November, 1868, under the provisions of the first entitled act, the county of Williamson subscribed to the capital stock of said railroad company $100,000, and issued in payment thereof $100,000 in bonds due in twenty years, bearing interest at eight per cent per annum, payable semi-annually on the first days of January and July in each year, said bonds, principal and interest, being payable at the American Exchange National Bank, in New York City. The principal of said bonds remaining unpaid on the first day of January, 1895, in pursuance of a vote of the legal voters of the county the plaintiff in error, for the purpose of refunding its railroad bonded indebtedness, issued one hundred bonds, of $1000 each, bearing interest at four and one-half per

cent per annum.   Both series of bonds were duly registered in the Auditor's office of the State of Illinois.   On January 23 of that year the plaintiff in error negotiated a sale of said four and one-half per cent bonds to the defendants in error at a premium of $370.   By the terms of the agreement of sale the bonds were to be placed *in escrow* with the Illinois National Bank of Chicago, to be exchanged, bond for bond, for the old bonds when paid and canceled.   The defendants in error, to effect the exchange, agreed to deposit with the American Exchange National Bank, in New York City, by February 1, 1895, the sum of $100,666.67 with which to pay the old bonds and interest thereon to February 1, 1895, the sum of $666.67 having been advanced to the defendants in error by the plaintiff in error with which to pay the interest on the old bonds for the month of January, 1895.   Thereupon the following call for the old bonds was published in the *New York Tribune* on January 25, 28 and 31, 1895:

"CALL FOR BONDS.

"MARION, ILL., *January 19, 1895.*

"Notice is hereby given that Williamson county, Illinois, eight per cent bonds, dated January 1, A. D. 1872, Nos. 1 to 100, inclusive, will be paid on or after February 1, 1895, upon presentation at the American Exchange National Bank, or the office of Farson, Leach & Co., New York City, interest to cease on above date.

J. A. FELTS, *County Clerk Williamson Co., Ill.*"

The defendants in error failed and neglected to make the deposit with the American Exchange National Bank, but notified the bank that it had funds at its New York office with which to pay the old bonds on presentation, and requested the bank, if any bonds were presented for payment, to refer the parties presenting them to their New York office, where they would be paid.   The request was complied with, and sixty-one of the bonds were taken up by the defendants in error upon payment of the principal and interest to February 1, 1895, prior to July 1, 1895, and the balance upon payment of principal

prior to February 16, 1896, and canceled, and the new bonds were delivered to them in lieu thereof. The State Treasurer of Illinois had an office in the building occupied by the American Exchange National Bank, in the city of New York, where he went on January 1 and July 1 of each year for the purpose of paying the semi-annual interest on municipal securities which had been registered in the Auditor's office. The record fails to show that he was notified that the old series of Williamson county railroad bonds had been called in, and on or about July 1, 1895, there were presented to him for the payment of the semi-annual interest due thereon on July 1 of that year the thirty-nine unpaid bonds, and he paid six months' interest thereon, which aggregated $1560, and is the amount for which the defendants in error are sought to be held liable by reason of their failure to make the deposit with the American Exchange National Bank as per their agreement with plaintiff in error.

The bonds in question were negotiable, interest-bearing securities, long past due, and while outstanding continued to draw interest. Being due, the plaintiff in error had the right, at any time, to pay them upon reasonable notice to the holders thereof; but a notice published three times within six days prior to February 1, 1895, it is clear would not be reasonable notice, and would not stop the interest on that date unless the holders of the bonds had actual notice of such call, even though the money was on deposit at the place where it was stated in the call the bonds would be paid. (*Read* v. *City of Buffalo,* 74 N. Y. 463.) There is no evidence in this record that any of the holders of the thirty-nine bonds received notice of the call prior to July 1, 1895, and if they received no notice of such call they were not bound to present their bonds for payment on or before February 1, 1895, or, as a penalty, forfeit the interest thereon. The statute under which the bonds were issued provided they might be made payable outside of the State of Illinois, and

they were made payable by their terms at the American Exchange National Bank, in the city of New York, while the call was to present the same for payment at that bank or at the office of the defendants in error in said city. While the defendants in error had agreed to deposit the funds in the bank, a failure so to do would not make them liable for more than nominal damages, unless, by reason of such failure, the plaintiff in error suffered substantial damages. As we have seen, the publication of the call alone did not stop the interest running upon the bonds. If the evidence showed that the bonds, or any of them, were presented for payment under the call to the bank prior to February 1, 1895, and that they were not paid for want of funds at that place, and by reason of their non-payment plaintiff in error had been forced to pay interest thereon after February 1, 1895, a different case would be made. No such proof was offered, but it does appear that defendants in error took up and paid all of said bonds so soon as they were presented for payment, either at the American Exchange National Bank or at the office of the defendants in error. It is therefore apparent the State Treasurer was not forced to pay said interest by reason of the fact that the deposit was not made in accordance with the agreement of defendants in error.

The defendants in error did not agree to take up the old bonds. They only agreed to place the money on deposit with the bank to pay the same, with interest to February 1, 1895, when presented. This they, in effect, did. The fact that thirty-nine of the bonds were not presented before the July interest had accrued and been paid by the State Treasurer was no fault of defendants in error.

The Appellate Court held that as the State Treasurer paid the interest on thirty-nine bonds from January 1 to July 1, 1895, and the defendants in error had in their hands the funds of plaintiff in error with which to pay the interest thereon for the month of January, the de-

fendants in error should refund to it one month's interest thereon. As no cross-errors have been assigned the defendants in error must be held to be content with such holding.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*