**STATE ex rel. SHAW v. POLICE JURY OF CATAHOULA PARISH.** *

No. 5223.

Court of Appeal of Louisiana. Second Circuit.

April 30, 1936.

Theus, Grisham, Davis & Leigh, of Monroe, for appellant.

John Dale, Jr., of Vidalia, for appellee.

DREW, Judge.

This is a suit to recover from Catahoula parish the sum of $645.47.

To plaintiff's petition defendant filed an exception of no cause or right of action. This exception was sustained and plaintiff's suit dismissed. From this judgment plaintiff has appealed to this court.

Since it is an exception of no cause or right of action filed against plaintiff's petition, we will first copy the petition:

"The petition of Carleton Shaw, a resident and citizen of the State of Ohio, County of Lucase, residing at No. 216 Tenth Street, Toledo, Ohio, with respect represents:

"I. That Catahoula Parish, a body politic under the laws of the State of Louisiana, is justly and legally indebted unto him in the full and just sum of $645.47, with interest at the rate of five per cent per annum until paid, from the dates and for the causes and reasons as hereinafter set out.

"II. That on the 2nd day of April, 1917, the Parish of Catahoula issued certificates of indebtedness in the total sum of $24,296.79, with interest at the rate of five per cent per annum thereon, said certificates being numbered 1 to 25, inclusive, all of them, except the first, being for the sum of $1000.00 each. Your petitioner bought this entire issue and all of these certificates in both principal and interest have been paid, except certificates numbers 22, 23, 24 and 25, numbers 22 and 23 having matured and become due on the 2nd day of April, 1931, with interest coupons amounting to $50.00, due and

*Rehearing denied June 2, 1936.

payable at the same time; and numbers 24 and 25 having matured and become due on the 2nd day of April, 1932, with interest coupons in the sum of $50.00 due October 2nd, 1931, and a like sum April 2nd, 1932, attached to said certificates, and $50.00 interest due April 2nd, 1931, represented by interest coupons lost in transmission from New York to the Central Savings Bank & Trust Company, of Monroe, Louisiana.

"III. That on the 10th day of June, 1933, the Police Jury of Catahoula Parish, having refused to levy a tax over and above the four mills general alimony tax to pay said four certificates of indebtedness and interest coupons attached thereto, and all other indebtedness due on said certificates, and being unable to pay these amounts from funds derived from the four mills general alimony tax, your petitioner filed a mandamus suit, State ex rel. Carleton Shaw v. Catahoula Parish et al., No. 5108 on the docket of this court, against Catahoula Parish, and each member of the Police Jury thereof, asking that the Police Jury be ordered to levy a tax over and above the four mills general alimony tax sufficient to pay and satisfy the said certificates numbers 22, 23, 24 and 25, together with the interest thereon, and that in said suit judgment was rendered in his favor on the 19th day of June, 1933, ordering the Police Jury to levy a one-half mill tax for the year 1933, over and above the four mills general alimony tax, to pay and satisfy certificates numbers 22 and 23, and two interest coupons of $25.00 each, one attached to each of said certificates, all due and payable on the 2nd day of April, 1931, and to levy a tax over and above the four mills general alimony tax for the year 1934, to yield sufficient funds to pay and satisfy certificates numbers 24 and 25, which had matured on the 2nd day of April, 1932, together with two interest coupons of $25.00 each, attached to each of said certificates, two having become due on the 2nd day of October, 1931, and two on the 2nd day of April, 1932.

"Petitioner attaches hereto and makes a part hereof the entire court record in said suit of State ex rel. Carleton Shaw v. Catahoula Parish et al., No. 5108 on the docket of this court, with special reference to the petition, amended petition, photostatic copies of said certificates numbers 22, 23, 24 and 25, copy of Ordinance of Police Jury of Catahoula Parish passed on the 2nd day of April, 1917, authorizing the issue of said certificates, the answer to said suit, the statement of facts filed therein and the judgment rendered in said case.

"IV. That in bringing this suit, petitioner does not waive any of the rights accorded him in the judgment in said suit of State ex rel. Carleton Shaw v. Catahoula Parish et al., No. 5108 on the docket of this court, but relies on it for collecting the amounts for the payment of which the court ordered the special tax levy. As will hereafter be particularly referred to, all the amounts have been paid except $500.00 on the principal of certificate No. 25. This is not a mandamus suit like suit No. 5108, but an entirely different suit, a suit to reduce to judgment interest due him on said four certificates of indebtedness accruing after their maturity dates and for which no interest coupons were or could have been issued and not covered by the mandamus order, this being a suit to collect interest for which no interest coupons were ever issued, except the two lost, on the ground that all of these past due certificates draw interest at the rate of five per cent per annum from their due dates, and that the interest once recognized as a debt, petitioner is entitled to the same remedies for collecting it that he has for collecting the interest coupons themselves.

"V. That Catahoula Parish is indebted unto your petitioner in the full and just sum of $320.47 on certificates Nos. 22 and 23, as follows:

5% interest on certificate No. 22, $1000.00 from April 2, 1931, to May 3, 1934 ............. $154.29

5% interest on $500.00 certificate No. 23, from April 2, 1931, to May 3, 1934 ............ 77.08

5% interest on $500.00 of it from April 2, 1931 to November 7, 1934 ................... 89.10

Making a total of ......... $320.47

—which amounts it refuses to pay and denies owing.

"This indebtedness arises and comes about in the following manner:

"(a) On June 19, 1933, judgment was rendered in the suit of State ex rel. Carleton Shaw v. Catahoula Parish et al., No. 5108 on the docket of this court, ordering the Police Jury of Catahoula Parish to levy for the year 1933 a one-half mill special tax over and above the four mills

general alimony tax to pay and satisfy certificates Nos. 22 and 23, together with an interest coupon for $25.00 attached to each of said certificates, both principal and interest coupons having matured on the 2nd day of April, 1931, all of which will more . fully appear from the copy of the judgment rendered in said cause, attached hereto.

"(b) That accordingly, the tax was levied to make said payments, and out of said levy, on the 3rd day of May, 1934, the Police Jury paid• your petitioner $1550.00; $50.00 for the two interest coupons ;̤ $1000.00 for the principal of certificate No. 22, and $500.00 to be credited on certificate No. 23, and then on November 7, 1934, the said Police Jury paid your petitioner $500.00, balance of principal of certificate No. 23.

"(c) That on these respective dates,— that is, on May 3, 1934, and November 7, 1934, your petitioner, through error of fact and of law surrendered to the Police Jury of Catahoula Parish certificates Nos. 22 and 23, and the interest coupons thereto attached, believing at the time he had no legal right to collect nor remedy for the collection of the balance of the interest due him thereon.

"VI. That the said Catahoula Parish is indebted unto petitioner in the sum of $325.00, with interest on certificates Nos. 24 and 25 for $1000.00 each, at the rate of five per cent per annum from the 2nd day of April, 1932, to the 1st day of July, 1935, and in the further sum of interest at the rate of five per cent per annum on $500.00 of certificate No. 25 from July 1, 1935, until paid.

"That this indebtedness arises and comes about as follows:

"The Police Jury levied the special tax for the year 1934, as directed by the judgment in suit No. 5108, and on July 1, 1935, paid your petitioner $1650.00, with directions to apply it as follows:

On certificate No. 24 ......... $1000.00
On certificate No. 25 .......... 500.00
Interest coupons, two attached
  to certificate No. 24 and two
  to certificate No. 25 ......... 100.00
Two lost interest coupons which
  should have been attached one
  each to certificate No. 24 and
  25 ......................... 50.00
—————
Total .................... $1650.00

"Certificate No. 24 was credited with $1050.00 and No. 25 with $550.00, both kept by your petitioner with the endorsement on each of them 'the question of interest after the maturity date of this certificate is left open for judicial determination.' Copies of both certificates Nos. 24 and 25, with interest coupons and the endorsements thereon, are hereto attached.

"When this payment was made, petitioner claimed that he should be paid interest at the rate of five per cent per annum from the maturity dates of the certificates until their payment, and defendants contended that the certificates did not bear interest after their maturity dates. Two of ·the interest coupons being lost, a receipt was given for the $50.00 given in payment of them.

"VII. That in the ordinance of the Police Jury of Catahoula Parish of April 2, 1917, there was dedicated, pledged and set aside 1⅛ mills of the then ten mills general alimony tax, to pay and satisfy the certificates therein authorized to be issued, together with the interest accruing thereon, that the full amount of this tax has not been levied, and that it is necessary and your petitioner desires that a special tax levy be made to pay and satisfy the amounts for which judgment is herein rendered.

"VIII. That D. E. Woodin is President of the Police Jury of Catahoula Parish, and that he, E. C. Garrison, W. R. Stewart, G. C. Womack, A. J. Smith, J. H. Hawthorne and R. F. Trisler are the members of said Police Jury.

"Wherefore, petitioner prays that Catahoula Parish, the Police Jury of Catahoula Parish, through its president, D. E. Woodin, and the individual members thereof, D. E. Woodin, E. C. Garrison, W. R. Stewart, G. C. Womack, A. J. Smith, J. H. Hawthorne and R. F. Trisler be duly and legally cited to appear and answer this suit, and that after trial thereof, there be judgment in favor of your petitioner and against Catahoula Parish, in the sum of $645.47, with interest at the rate of five per cent per annum on $500.00 from the 1st day of July, 1935, until paid; that it be budgeted for payments, and that the Police Jury of Catahoula Parish, and each member thereof, be ordered to levy a tax over and above the constitutional four mills general alimony tax provided by law, to pay and satisfy the judgment herein to be . rendered.

"Prays for costs, general and equitable relief, every order necessary and judgment according to law."

The legal question presented is: Do these certificates of indebtedness bear interest at the rate of 5 per cent. per annum after their maturity dates? Interest coupons were attached to each certificate up to its maturity date, but not thereafter. The whole series of these certificates, including principal and interest, were paid up to the certificates now in controversy, Nos. 22, 23, 24, and 25. The claim for $320.47 is made up this way:

Interest at 5 per cent. on $1,000.00, certificate No. 22, and on $500.00 of certificate No. 23, from April 2, 1931, date of maturity of these certificates, to May 3, 1934, date of payment of $1,500.00 on the two certificates .............. $231.37

Interest at 5 per cent. on $500.00, balance of principal of certificate No. 23 from April 2, 1931, date of certificate, to November 7, 1934, date of payment ......... 89.10

Total .................... $320.47

Certificates Nos. 22 and 23 were both surrendered to the police jury on the dates of payment as above stated.

In article VI of his petition plaintiff claims, balance due on certificates Nos. 24 and 25, in both principal and interest from April 2, 1932, date of their maturity, to July 1, 1935, date this suit was filed .................... $325.00

Partial payments had been made on both of these certificates, up to the date of the filing of this suit, but the payments made were merely credited on the certificates of indebtedness, plaintiffs still holding both certificates, and now suing for the balance due thereon, which in reality amounts to the interest on these past due certificates. In the making of these payments, the police jury contended that it did not owe anything except the principal, with coupons attached, while plaintiffs contended that the parish owed the principal of these certificates, the interest coupons attached, and interest on the coupons at 5 per cent. per annum after their maturity dates.

The record of the original suit, No. 5108, is brought up as a part of this appeal, in which is included the entire proceedings of the police jury authorizing the issuance of the certificates of indebtedness.

The first ordaining section of the ordinance is in part as follows:

"Now, therefore, be it resolved by the Police Jury of the Parish of Catahoula, in the State of Louisiana:

"That certificates of indebtedness of the Parish of Catahoula, Louisiana, are hereby authorized and directed to be issued in the aggregate amount of $24,296.79. Said certificates of indebtedness to bear date of April 2, 1917, to bear interest at the rate of five per centum per annum, payable semi-annually on the 2nd day of April and October of each year."

The second ordaining clause of this ordinance contains this expression:

"Be it further resolved, that said Certificates of Indebtedness shall have attached thereto suitable interest coupons representing the interest thereon payable as it falls due."

And the third ordaining clause which gives the form of the certificate of indebtedness to be issued gives the following as a part of what the certificate shall contain:

"Know all men by these presents that the Parish of Catahoula, in the State of Louisiana, acknowledges itself to owe and for value received hereby promises to pay bearer One Thousand Dollars (Two Hundred and Ninety-Six Dollars and Seventy-Nine Cents) in lawful money of the United States of America, on the 2nd day of April, A. D., 19—, together with interest thereon from the date hereof at the rate of five per centum per annum, payable semi-annually on the 2nd day of October and April of each year, as evidenced by and payable upon presentation and surrender of the annexed interest coupons as they severally become due."

This is all there is in the police jury ordinance authorizing the issuance of these certificates with reference to the interest that the certificates shall bear.

Defendant's first contention is that the parish does not owe any interest except that represented by the interest coupons, that it never created any interest debt, except that represented by interest coupons, and that it would be a malfeasance in office for the police jurors to pay any in-

terest except that represented by the interest coupons.

Plaintiff relies on our codal provisions for its right to collect the interest on these certificates after the payment of all of the interest coupons; that is, after the maturity dates of the said certificates.

"All debts shall bear interest at the rate of five per centum per annum from the time they become due, unless otherwise stipulated." Article 1938, Civil Code.

"Interest at the rate of five per cent shall be allowed on all debts from the time they become due, unless otherwise stipulated." Article 554, Code of Practice.

The certificates of indebtedness were issued under authority of Act No. 277 of 1916, which reads as follows:

"Section 1. Be it enacted by the General Assembly of the State of Louisiana, That the parishes and municipal corporations throughout the State, the City of New Orleans excepted, shall have the right and authority to dedicate, appropriate and pledge not more than two and one-half mills of their general revenue tax for a period not exceeding twenty-five years for the payment of any indebtedness, matured or unmatured, exclusive of bonded indebtedness, of such parishes or municipal corporations which may have been lawfully incurred prior to May 1, 1916.

"Sec. 2. Be it further enacted, etc., That, evidencing such indebtedness, the governing authorities of such parishes and municipal corporations shall have the authority to issue to any creditor, his representative or transferee, a certificate or certificates of indebtedness for the amount of the debt due creditors; provided, that two or more debts may be combined and a certificate or certificates issued for the whole. Such certificates shall be issued only when authorized by resolution or ordinance passed by the governing authority issuing them and shall be secured by dedication, appropriation and pledge of such portion of the general revenue tax of the parish or municipal corporation, not exceeding two and one-half mills, as may be provided by the governing authority, in conformity to Section 1 of this Act; provided that parishes and other municipal corporations through their governing authorities shall issue such certificates only after the indebtedness for which they are to be issued shall have been liquidated and reduced to judgment in a court of competent jurisdiction. They shall bear such rate of interest, not exceeding five (5%) per annum, payable annually or semi-annually, as may be fixed by said governing authority, shall run for a period of not exceeding twenty-five years, and shall be made payable at such times and places as may be determined by the governing authority.

"Such certificates shall be executed and signed by the President and Secretary or Clerk of the Police Jury of the Parish or by the Mayor and Secretary or Clerk of the Municipal Corporation issuing same, or by other officials whose positions correspond to those mentioned; provided, that the interest may be evidenced by coupons bearing facsimiles of the signatures of said President and Secretary or Clerk or of said Mayor and Secretary or Clerk or of such other corresponding officials; and such certificates shall be negotiable.

"Sec. 3. Be it further enacted, etc., That in the ordinance authorizing the issuance of such certificates, it shall be the duty of the governing authority to dedicate, set aside and pledge not more than two and one-half mills of said general revenue tax of said parish or municipal corporation for the payment of said certificates, in principal and interest; and, thereafter, to keep the funds derived from such tax separate from other funds of the parish or municipal corporation, and to devote the entire proceeds of such tax as pledged, or so much thereof as may be necessary, to the payment of the principal and interest of such certificates. The said fund shall not be drawn upon to the prejudice of said certificates, or interest accruing thereon, by the governing authority issuing such certificates, or by its successors."

█ We quote the act for the reason that it becomes and is a part of the resolution of the police jury, and as such the resolution is the contract between the parish of Catahoula and the bearer of the certificates of indebtedness.

█ The rule, we think, is correctly stated in Miners & Merchants Bank v. Herron et al. (Ariz.) 47 P.(2d) 430, 435. It is as follows: The act authorizing the issuance of the certificates of indebtedness is the measure of the rights of the holders, and also the rights of the parish.

The act must be read into the contract between the certificate holders and the parish. The duty to pay and the time, place, and manner of payment must be found in the act. The method therein stated of procuring money with which to meet the interest coupons and the principal is exclusive. In the same case, we find the following rule laid down:

"The rule with regard to the United States, a state or its political subdivisions as to liability on its obligations after the date of maturity, is that no liability for such interest exists unless an express consent to pay same has been manifested by the act of the Legislature or by lawful contract of its executive officers made within the scope of their authority. United States of America v. State of North Carolina, 136 U.S. 211, 10 S.Ct. 920, 34 L.Ed. 336; Carr v. State, 127 Ind. 204, 26 N.E. 778, 11 L.R.A. 370, 22 Am.St.Rep. 624; Albert Meyer v. City & County of San Francisco, 150 Cal. 131, 88 P. 722, 10 L.R.A.(N.S.) 110; Heath v. Green City Irr. Dist., 91 Colo. 202, 13 P.(2d) 1113; Seton v. Hoyt, 34 Or. 266, 55 P. 967, 43 L.R.A. 634, 75 Am.St.Rep. 641; Salthouse v. Board of Commissioners of McPherson County, 115 Kan. 668, 224 P. 70; 15 R.C.L. 17, § 14."

In the case of Albert Meyer v. City & County of San Francisco, 150 Cal. 131, 88 P. 722, 10 L.R.A.(N.S.) 110, the syllabus fairly recites the finding of the court. It is as follows:

"No interest after maturity can be allowed on improvement bonds issued by a municipal corporation which, under the statute, are to be paid by special assessment against property benefited, if the statute fairly imports that such interest is not to be paid.

"Under a statute requiring the attachment of interest coupons to improvement bonds, which the statute contemplates shall be paid within a given time, and providing that the levy to meet interest shall be applied only to the payment of coupons, there is no authority to attach coupons for interest after maturity; and the intent that the bonds shall not bear interest after maturity is plainly implied."

■ The general rule is, where interest is not stipulated for, or authorized by contract or statute, it cannot be awarded against a sovereign government. United States v. North Carolina, 136 U.S. 211, 10 S.Ct. 920, 34 L.Ed. 336; Seton v. Hoyt, 34 Or. 266, 55 P. 967, 43 L.R.A. 634, 75 Am.St.Rep. 641.

Revised Statutes, § 2448, provides that the police juries of the several parishes in this state shall not have powers to contract any debt or pecuniary liability without fully providing in the ordinance creating the debt the means of paying the principal and interest of the debt so contracted.

■ The debt is payable only out of the provisions thus made for its payment and, as a consequence, has no legal existence outside of or beyond such provisions. Tremont Lumber Co. v. Police Jury, 144 La. 1034, 1039, 81 So. 703.

■■ A police jury is a body with limited powers and can do no act beyond the special powers delegated to it, and the statutes prescribing and limiting its powers are assumed to be written into every contract entered into by it.

This brings us to an interpretation of Act 277 of 1916, in accordance with the above law; this being the act under which authority the certificates and interest coupons were issued. There is nothing in the act which directly authorizes or forbids the paying of interest after maturity of the certificate of indebtedness. However, it does provide that the interest shall be semiannually and shall be paid at such times and places as may be determined by the governing authority. The police jury must fix a time and place of payment of both principal and interest, by ordinance or resolution. The act further provides that the interest may be evidenced by coupons. The resolution passed by the police jury provides that the certificates shall have attached thereto suitable interest coupons representing interest thereon, payable as it falls due. It also provides the form of the certificates, which provide that the interest is payable semiannually, as evidenced by and payable upon presentation and surrender of the annexed interest coupons as they severally become due.

■ There is certainly no stipulation or authorization for the payment of interest other than as is evidenced by the interest coupons. To the contrary, we are of the opinion that the contract between the police jury and the certificate holders implies that it was not the intention of the police jury to pay interest after maturity. There being no provision for the payment of any interest after maturity, the contract must be understood as intending that no such interest was to accrue.

Plaintiff contends that since the statute and resolution did not forbid the payment

of interest after maturity, article 1938 of the Revised Civil Code and article 554 of the Code of Practice govern. Article 1935 of the Revised Civil Code defines "interest" as damages for failure to pay an obligation when due.

We are of the opinion the above articles of the Code are not applicable to this case. They are general laws, and the police juries of this state are governed by special laws; and when we adopt the rule of law that police juries or parishes are not liable for interest, unless same is specially authorized by statute and contract, there is plainly a conflict between the codal articles and the rule above announced.

Plaintiff also relies to a great extent upon the case of Miners & Merchants Bank v. Herron, supra, as upholding his contentions. That case is clearly distinguishable from the case at bar for the reason that the statute authorizing the issuance of the bonds in the Herron Case clearly implies that interest would be paid after maturity.

He also cites the case of Nash v. El Dorado County (C.C.) 24 F. 252, which clearly holds that where no provision is made for interest, both bonds and coupons bear interest after maturity at the legal rate. In that case, the court passes the question with the mere statement that interest is due after maturity, and that the Supreme Court has so held many times. No decisions are cited in the opinion on this point. There is no discussion of the statute authorizing the issuance of the bonds, and it is therefore of little help in solving the question before us.

The case of Williamson County v. Farson, 199 Ill. 71, 64 N.E. 1086, while apparently holding as plaintiff contends, gives little light on this subject as there was no contention made in that case that interest was not due after maturity, and there was no discussion of the statute authorizing the issuance of the bonds.

People ex rel. German Insurance Company v. Getzendaner et al., 137 Ill. 234, 34 N. E. 297, seems to hold as plaintiff contends.

There is one other case cited by plaintiff which we are unable to locate, due to the erroneous citation given in brief.

We refer to the above cases for the purpose of showing that the jurisprudence is not uniform on the question presented for decision and it is not unusual, due to the wording of the statutes of the different states which authorize the issuance of bonds by counties, and for the further reason the powers of police juries and like bodies in different states may be different.

We are convinced that under the limited powers vested in police juries of this state and under Revised Statutes, § 2448, the correct interpretation of the contract before us is that the intention not to pay interest after maturity is clearly implied from the contract, and it is clear that the contract does not authorize nor provide for payment of interest after maturity of certificates, and therefore interest after maturity is not due.

The judgment of the lower court sustaining the exception of no cause or right of action is correct, and is affirmed, with costs.