262 So.2d 151 (1972)
Isaac CORBELLO, Jr., Plaintiff-Appellee,
v.
JEFFERSON DAVIS PARISH POLICE JURY, Defendant-Appellant.
No. 3825.
Court of Appeal of Louisiana, Third Circuit.
May 10, 1972.
Marcantel & Cassidy, by Charles R. Cassidy, Jennings, for defendant-appellant.
Raleigh Newman, Lake Charles, for plaintiff-appellee.
Before FRUGÉ, HOOD and MILLER, JJ.
MILLER, Judge.
The trial court awarded plaintiff Isaac Corbello, Jr., $6,341.50 less $2,966.50 previously paid, for dragline work performed to clean, widen and deepen a drainage canal. Defendant Jefferson Davis Parish Police Jury appealed contending that the *152 contract was malum in se and therefore plaintiff's claim should be dismissed. Alternatively defendant contends that plaintiff failed to prove his expenses and that he is not entitled to recover for his labor. Plaintiff answered the appeal seeking an increase in the trial court's award. We amend and affirm.
Corbello was employed by police juror W. J. Mallet to work his ¾ yard bucket dragline at $17.00 per hour with the understanding that although the work was to be completed forthwith, payment would be made at the rate of less than $1,000 per month. The cost of the project substantially exceeded $2,500. Since no bids were taken, the contract was entered into in violation of LSA-R.S. 38:2211. It was held that the nullity provided for in LSA-R.S. 38:2216 was malum prohibitum and not malum in se and that plaintiff was entitled to recover in quantum meruit. Plaintiff was denied his profit and general overhead.
On October 1, 1969 Corbello was approached by Mallet in his capacity as police juror, and asked for a price per hour to clean and dredge an existing drainage canal in the Bell City drainage area of Ward 8 Jefferson Davis Parish. Mallet represented the condition to be an emergency because of chronic flooding in the area, but admittedly did not seek to have the police jury declare an emergency as permitted under LSA-R.S. 38:2211.
Corbello quoted a price of $17.00 per hour based on use of his ¾ yard bucket dragline and the evidence uniformly established that no better hourly price for a ¾ yard bucket and dragline could have been obtained. Corbello was told that although he was to perform the work immediately, he was to claim only $1,000 per month for his work. This was acceptable and the work was undertaken. Corbello had never worked for a public body before and had no knowledge that bids were required on such jobs. Corbello proved that he was an experienced dragline operator and contractor with an excellent reputation for delivering full value for all work he undertook. There is nothing to indicate manifest error in the trial court's determination that the dragline work performed by Corbello was not up to his high standard.
Corbello claims that he worked 521 hours on this job before the contract was terminated. He destroyed his daily log and relied on a recapitulation prepared by him as proof that he worked the 521 hours. A Louisiana Department of Public Work's civil engineer estimated the cubic yards removed as approximately 18,900 but no allowance was made for removal of a sizable spoil bank which admittedly was also moved. It was established that 35 cents per cubic yard (which included a 10% profit margin) would be a minimum contract price for the work undertaken by Corbello.
Although Corbello worked ten hours per day six days per week (weather permitting), he filed claims for slightly less than $1000 per month for the first three months. Unaware of the extent of the work to be done under the contract the police jury paid three separate invoices totaling $2,966.50. The first was for $994.50 on November 12, 1969; the second for $986.00 on January 14, 1970; the third for $986.00 on February 11, 1970. About that time Mallet's activities caused the police jury to investigate his commitments and they then discovered the Corbello contract was in violation of LSA-R.S. 38:2211. They terminated the contract and refused to make additional payments.
Contracts entered into in violation of LSA-R.S. 38:2211 et seq., which are not inherently immoral or evil, are, in the absence of fraud, only malum prohibitum. Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627 at 632 (1943); Smith v. Town of Vinton, 216 La. 9, 43 So.2d 18 at 19 (1949); Marquette v. Housing Authority of Opelousas, 137 So.2d 374 (La.App. 3 Cir. 1962). We find no manifest error in the trial court's determination *153 that there was no fraud involved here and that the contract was not inherently immoral or evil.
Under contracts with a public body which are malum prohibitum and not fraudulent, a plaintiff contractor may recover in quantum meruit for the value of his services inuring to the benefit of the public body, and for materials supplied less the amount of profit and general overhead, provided he sues directly or alternatively under quantum meruit. Boxwell, Smith and Marquette cases, supra. Corbello claimed alternatively under quantum meruit.
Corbello may not recover profit and general overhead expenses. General overhead expenses are the continuous expenses of a business irrespective of the outlay on a particular job. Marquette, supra. See also 67 C.J.S. Overhead, p. 543. On the record we find that the $17 per hour rate included a 10% profit and 10% for general overhead expenses. Therefore Corbello is entitled to recover $13.60 per hour. Although the trial court did not spell out a formula for calculating the award, we find that an award of $13.60 per hour for 466 hours (rather than the $17 per hour for 521 hours claimed) is substantiated by the evidence.
This award is also in line with calculations based on the cost of handling the cubic yards of dirt moved by Corbello. The best price per yard of dirt handled on this job was 35 cents per cubic yard. Taking 20% off for profit and overhead, Corbello is entitled to 28 cents per cubic yard. The trial court found that Corbello moved from 19,000 to 31,000 cubic yards of dirt. The award to Corbello can be explained as payment for 22,648 cubic yards of dirt at 28 cents per cubic yard. This too is in accord with the evidence.
Either calculation supports the finding that Corbello is entitled to recover $6,341.50, less the $2,966.50 previously paid by the jury for a net of $3,375.00.
The trial court awarded interest to plaintiff Corbello and taxed the police jury for costs of court. We find error on both counts.
The state or its agencies cannot be compelled to pay interest upon unpaid accounts unless provision is made therefor by stipulation or by a specific statute. General laws relative to the payment of interest are not applicable. Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627 at 630 (1943). See also, State ex rel. Shaw v. Police Jury of Catahoula Parish, 167 So. 754 (La.App. 2 Cir. 1936). Corbello did not point to a specific statute authorizing interest in this case.
LSA-R.S. 13:4521 relieves the police jury from payment of all court costs except stenographers' costs for taking testimony.
The trial court judgment is amended to delete the award of interest to plaintiff and to relieve defendant from all court costs except the stenographers' costs for taking testimony. Costs of this appeal are assessed to plaintiff.
Affirmed, as amended.