[Civ. No. 5228. Second Appellate District, Division Two.—June 6, 1929.]

NANNA B. WIBERG (a Single Woman), Appellant, v. H. E. BARNUM et al., Respondents.

John J. McMahon for Appellant.

Victor T. Watkins for Respondents.

CRAIG, J.—In December, 1923, appellant entered into a contract in writing by the terms and provisions of which she agreed to purchase from the defendants certain real property therein described, situated in Los Angeles County. Thereafter, and in June, 1924, she notified them of her rescission of said contract, reciting in detail various grounds of fraud

through which she alleged the contract to have been procured, and demanded a return of the amount theretofore paid on account of the agreed purchase. A suit for rescission was subsequently instituted, wherein judgment was rendered in favor of the defendants, and the plaintiff appeals therefrom. It is alleged in the complaint that the defendants stated and represented to the plaintiff that if she would sign said contract agreeing to buy the property mentioned, and pay a first installment of $387, she would not be expected or compelled to pay the second or any further installments; that they had then a buyer, and within thirty days the defendants would resell the same at a net profit to plaintiff of $500. No resale was made, and on June 10, 1924, demand was made for the second installment, whereupon, and as soon as the plaintiff discovered the alleged fraud and the defendants' refusal to make a resale, she signed and served her notice of rescission.

The complaint alleges the facts recited above, and, further, that the representations so made by the defendants were false, fraudulent and untrue, that they were known to the defendants to be false and fraudulent, and were made for the purpose of inducing the plaintiff to enter into said agreement, and to obtain from her said sum of $387; that she believed and solely relied upon each and all of said statements and representations, but for which she would not have signed the agreement, or have paid to the defendants the first installment; that no resale of the property was made, and that at the time of the execution of said contract, the defendants did not have a purchaser in view for such resale.

Upon the trial, objections of the defendants to the introduction of any evidence tending to show the alleged fraud by which the plaintiff claimed to have been induced to enter into the contract in suit were sustained. It was the theory of the defendants, and of the trial court, that the agreement to resell in the future was an independent and separate contract and transaction for which the plaintiff might have sought damages for a breach, but that it was not written into the initial contract, evidence thereof was irrelevant and incompetent, since the principal contract provided that no statement or representation not embraced therein should be binding upon either of the parties.

█ The theory of the plaintiff, however, as plainly alleged in the complaint, was that the false, fraudulent and deceptive statements of the defendants were advanced, not as affecting the property or its condition or value, or the terms of purchase, but as an inducement and part consideration which led the plaintiff to make the contract; that the agreement was one not, in fact, looking toward the purchase of property by the plaintiff, but for the sole purpose of making a net profit of $500 upon the investment of $387 for a period not exceeding thirty days; that the purchase was one incidental to a resale, concerning which the defendants made the representations alleged facts, and not mere expressions of opinion. It is obvious that had the transaction been consummated as alleged to have been promised by the defendants, the plaintiff would not have retained the real property, and the defendants would not have declined to return the amount of the investment with the agreed increase. It is likewise patent, assuming the allegations of the complaint as true, that the plaintiff was not interested in the property, or in its character or value, but that she relied upon the statements and promises of the defendants that they would resell to a party whom they held in reserve, who was ready, able and willing to buy, and contracted with that end in view. Upon these facts the sole consideration for the entire transaction was an agreed profit to the plaintiff, through the resale which she consented to assist in facilitating, but which the defendants did not carry out, nor at any time intend to fulfill, although the plaintiff fully performed all of the conditions of her agreement. From this the conclusion is inevitable that the written instrument upon which the defendants sought to rely at the time of the trial was incomplete and that evidence of the entire transaction was erroneously excluded.

As was said in *Brison* v. *Brison*, 75 Cal. 533 [7 Am. St. Rep. 189, 17 Pac. 693]: "In cases of fraud, actual or constructive, no mere form of words, which the parties have made use of, can shut out inquiry as to the real facts. And this from the necessity of the case. For, as has been pertinently asked, if parol evidence be not admissible, how else can fraud be shown?" █ The rule is settled in this state that parol evidence is admissible to show fraud, since it does not vary or contradict the contract, but shows that no

binding contract was legally made. (*Browne* v. *San Gabriel River Rock Co.,* 22 Cal. App. 682 [136 Pac. 542, 544].) Our Supreme Court, in applying the principles as repeatedly stated in numerous cases, held in *Davis* v. *Butler,* 154 Cal. 623 [98 Pac. 1047] : ''A single material misrepresentation knowingly made, with intent to influence another into entering into a contract, will, if believed and relied upon by the other, afford as complete ground for rescission, as if it had been accompanied by a multitude of other false representations.''

The same rule is announced in *California Credit etc. Corp.* v. *Randall,* 76 Cal. App. 321 [244 Pac. 958], wherein it was held that a provision that verbal agreements of agents contrary to the terms of the contract were unauthorized and could be disregarded did not preclude proof of fraudulent representations by which the defendant was induced to execute an agreement in writing and a promissory note.

■ It is objected by respondents that appellant must be held to have waived the right to use the reporter's transcript upon this appeal, for the reason that in her notice to the clerk she did not request it. Sufficient of the examination of the witness and rulings of the trial court, however, are included in the briefs to present the question here involved, and since the transcript was in fact prepared, certified and transmitted to us, appellant's omission is cured. (*White* v. *Hendley,* 35 Cal. App. 67 [169 Pac. 710].)

The judgment is reversed.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 5, 1929, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 5, 1929.

All the Justices present concurred.