[Civ. No. 8360. First Appellate District, Division One.—November 22, 1932.]

WILLIAM McINTOSH et al., Respondents, v. KATHERINE C. FUNGE, as Executrix, etc., Appellant.

Leo A. Cunningham and W. W. Funge, Jr., for Appellant.

Hartley F. Peart and Sylvester J. McAtee for Respondents.

KNIGHT, J.—Following the filing of the *remittitur* after affirmance of judgment on the merits in the above-entitled cause (*McIntosh* v. *Funge*, 210 Cal. 592 [292 Pac. 960, 74 A. L. R. 420]), two motions were presented in the trial

court, one on behalf of certain plaintiffs for substitution of parties, which was granted; the other on behalf of the defendant W. W. Funge, Jr., now deceased, to tax costs on appeal, which resulted in an order being made taxing costs against said defendant in the sum of $100; and he appealed from the order made in each proceeding. Plaintiffs now move to dismiss the appeals and to affirm the orders upon the ground that the purported transcript upon which appellant seeks to have the appeals heard and determined was not prepared, settled, certified or filed in the manner prescribed by law and the rules of court.

The trial court proceedings took place in the superior court in and for the city and county of San Francisco. The notices of appeal were filed on January 8, 1931, shortly after the orders appealed from were made; and defendant proceeded to take both appeals by way of bills of exception, which eventually were prepared, settled and certified in accordance with the provisions of section 650 of the Code of Civil Procedure. The bill upon which the appeal was taken from the order of substitution of parties was settled, certified and filed on January 28, 1931, by the Honorable E. P. Mogan, who heard and determined the motion therefor; and the bill upon which the appeal from the order taxing costs was taken was settled, certified and filed on October 27, 1931, by the Honorable James G. Conlan, who heard and determined that proceeding. In the meantime and on July 1, 1931, which, as will be noted, was approximately six months after the notices of appeal were filed, appellant filed with the clerk of the trial court a request to prepare transcripts on appeal pursuant to the alternative method provided by section 953a of the Code of Civil Procedure, in which request appellant specified the documents and papers the transcript should contain, "including defendant's proposed bill of exceptions and plaintiffs' proposed amendments thereto and all orders of the court thereon"; and on November 4, 1931, he applied for an extension of time to prepare and file such transcript, which extension was denied. Notwithstanding such denial appellant on December 15, 1931, filed with the clerk of the trial court a purported (typewritten) transcript, but which did not contain a copy of either of the bills of exception theretofore certified and filed as aforesaid. The clerk of the

court noticed said transcript for settlement before the court on December 15, 1931, and the matter came on for hearing on December 22, 1931, before Judge Conlan, at which time he refused to approve, sign or certify the purported transcript upon the following grounds: "1st. That the said Superior Court has now no jurisdiction in said matter after the certification of the said engrossed bill of exceptions, as aforesaid; 2nd. That the said W. W. Funge, Jr., defendant herein, has perfected his appeal by proceeding under section 650 of the Code of Civil Procedure, and having failed to file a request for a transcript under Section 953a C. C. P. is now foreclosed from perfecting an appeal under said section 953a C. C. P.; 3rd. That the said defendant has not filed herein a request for transcript under section 953a C. C. P. within the time allowed by law and is not entitled to a transcript on appeal under section 953a C. C. P.; 4th. That the appellate tribunal is the proper tribunal in which to apply for time to prepare and file the Clerk's transcript on appeal which accompanies the engrossed bill of exceptions as certified by the trial Court." Defendant then asked permission to withdraw the transcript, but the court denied such permission and directed that the same remain on file with the clerk. Subsequently, however, and without notice to respondents' attorneys, appellant presented the purported transcript for certification to the Honorable Lile T. Jacks, the presiding judge of said superior court, who had neither participated in the trial of the action nor in the determination of either proceeding out of which the appeals arose; and on December 24, 1931, without notice to respondents' attorneys, he signed and attached to the purported transcript a certificate in limited terms reading as follows: " . . . I have examined the foregoing Clerk's Transcript and find the same to be a full, true and fair transcript of the papers filed in the office of the Clerk on and after the 28th day of November, 1930; and also of the judgment as recorded on the 31st day of July, 1928 in Volume 281 at page 212 in the Book of Judgments in the Clerk's office in the City and County of San Francisco, State of California; and of the minute orders of the court; that said papers relate to the appeal of the defendant herein to the District Court of Appeal of the State of California, First Appellate Division, dated January 8, 1931." On December

28, 1931, said purported transcript was filed with the clerk of this court, and it is the only transcript filed in furtherance of either appeal.

From the foregoing it will be seen that after proceeding to take the appeals by way of bills of exception and after having one of said bills settled, certified and filed, appellant proceeded to take the appeals anew pursuant to the alternative method set up by section 953a of the Code of Civil Procedure. Even assuming for the moment, as appellant contends, that this may be done, it is evident that the purported transcript filed herein as a result of such subsequent proceedings was neither prepared, settled, approved nor authenticated in the manner prescribed by said code section for the following reasons: Said section declares that the request for the transcript must be filed with the clerk within ten days after notice of the entry of the order from which the appeal is taken; and here said request was not filed for more than five months after the notices of appeal were filed.

True, the failure to file such request within the time prescribed is not jurisdictional to the appeal (*Lynch* v. *Coe*, 203 Cal. 422 [264 Pac. 747]), and no formal application for relief from default in failing to file such request in time is necessary, the act of certification of the record by the trial judge being in effect the equivalent of granting relief from such default under section 473 of the Code of Civil Procedure. (*Keys* v. *Mother Lode Extension Mines*, 212 Cal. 612 [299 Pac. 524].) But the admitted fact here is that when the purported transcript was presented to the judge presiding in one of the proceedings he expressly refused to settle or certify the same, assigning as one ground therefor the failure to file said request in time; and said transcript was never at any time or for any purpose presented to the judge presiding in the other proceeding for such settlement and certification. Furthermore, said code section declares that when the transcript is completed it shall be presented to the judge for his approval and the judge shall examine the same and see that the same is a "full, true and fair transcript of the proceedings had at the trial, the testimony offered or taken, evidence offered or received", etc., and that thereupon the judge shall certify to the truth and correctness of said transcript and the same shall "when so settled and allowed" become a portion of the

judgment-roll and may be considered in lieu of the bill of exceptions. As will be remembered, two separate appeals were taken, from orders made by different judges; and admittedly the transcript filed herein was not settled, allowed or certified by either of those judges. As stated, one of them refused to certify the same and so far as the record before us shows the transcript was never presented to the other for settlement and certification. Instead, the purported transcript was signed by and bears the certificate of a third judge who did not participate in the hearing or determination of either proceeding out of which the appeals arose, and who was not in a position to know upon what testimony or other evidence the judges who made the orders based the same because, as appellant admits in his brief, there was no court reporter present at the hearing of either of those proceedings. ▌ In fact the judge who signed the transcript did not certify as contemplated by said section 953a that the transcript contained a full, true and fair transcript of the proceedings had at the trial, the testimony offered and taken, and the evidence offered and received; merely that the transcript contained a full, true and fair transcript of the papers filed in the office of the clerk on or after a certain date, including the judgment in the action and the minute orders of the court which "relate to the appeal".

Therefore, since it affirmatively appears that said transcript was not settled, approved or certified in the manner prescribed by the statute and does not purport to contain a full, true and fair transcript of the proceedings had at the hearing of said motions, nor of the testimony taken or evidence adduced thereat, the same cannot be allowed to serve as the record on the appeals. Accordingly the appeals are dismissed and the orders are affirmed.

Tyler, P. J., and Cashin, J., concurred.