THE MUNICIPALITY OF AGUAS BUENAS, P. R., Plaintiff and Appellant, *v.* ESTEBAN DE LA FUENTE, Defendant and Appellee.

No. 8066. Argued December 4, 1939.—Decided February 13, 1940.

*Federico E. Virella* for appellant. *Santiago de la Fuente* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On September 12, 1939, the appellee herein moved to dismiss the present appeal. He alleged that, the judgment

having been entered on April 4, 1939, the appellant filed a petition on April 27 for the preparation of the transcript of the evidence, and on the 5th of the following May the court directed the stenographer to prepare the transcript within twenty days; that on May 15 the appellant applied for a 30-day extension which was granted, and on June 14 applied for another 30-day extension which was likewise granted; that from an examination of the record on the 5th of the following September, the day set for the approval of the transcript, no evidence appeared of the filing of any motion for an extension between June 14 and August 11 when the last was filed, to which fact he first called the attention of the clerk and then of the court and alleged that the latter had, therefore, lost jurisdiction to approve the transcript, and that he is not aware of any decision of the court in this respect; that more than 90 days have elapsed without perfecting the appeal taken, and that the appeal in question is frivolous, rash and foolish, for which reasons a dismissal lies in accordance with rules 58, 59 and 60 of this court.

On November 21, 1939, there were filed in the office of the clerk of this court the judgment roll certified to by the clerk of the district court and the transcript of the evidence certified by the stenographer on August 23, 1939. Eight days later on, the appellant filed a motion in opposition to the motion to dismiss. It alleged that although there appeared from the record only three applications for extension it actually drafted another on July 14, 1939, which was mailed to the clerk of the district court like the former and the last ones. It maintains that there has not been any negligence on its part in the prosecution of the appeal and that such appeal is not frivolous. It states that the defendant and appellee did not object to the approval at the time of the hearing set for it.

At this stage and on the day itself of the hearing of the motion to dismiss in this court—December 4, 1939—the

appellee moved to strike from the record the transcript of the evidence filed on November 21, 1939, on the ground that the trial judge who approved the same was without jurisdiction in the premises.

In order to make the situation clear and confine ourselves to the consideration of the only question which has led us to write an opinion in deciding this case, we will say that from the grounds stated by the appellant in his motion in opposition to the motion to dismiss, as well as from its brief filed on December 30, 1939, it appears that this is not the case of an appeal plainly frivolous. Therefore, on this ground a dismissal does not lie.

■■ On the other ground a dismissal would lie, or at least the transcript of the evidence should be stricken out for want of jurisdiction according to the decisions of this court, were it not that such jurisprudence has been reversed. *Báez* v. *Honoré*, decided on February 1, 1940, p. \_\_\_, *ante*.

Until February 1 of the current year there prevailed the construction applied by this court in the sense that district courts were without jurisdiction to grant a new term, that is, where the extension was not applied for before the expiration of the former term, in cases like the one at bar, this court having exclusive jurisdiction to do so. It was then held that district courts have such jurisdiction which they may and should exercise taking into consideration the attendant circumstances.

It might be alleged that for district courts to act, it becomes necessary that a motion to that effect should actually be filed. However, as stated in *Báez* v. *Honoré, supra:*

"In section 6832 of *Bancroft's Supplement,* we learn:

"In California the latter decisions have modified the former rule, and it is now settled that the act of the trial court in certifying the record is the equivalent of relief, under sec. 473 of the Code of Civil Procedure, from default in serving and filing a bill of exceptions.' "

The text of Bancroft rests upon the following decisions: *Colburn Biological Institute* v. *De Bolt, 6 Cal.* (2d) 631, 59 P. (2d) 108; *Stenzel* v. *Kronick,* 201 Cal. 26, 255 P. 199.

The author treats again of the question in par. 6984 of his treatise, as follows:

". . . . No formal application for relief from the default is necessary. As indicated in the original work, the act of the trial court or judge in certifying the record is in effect equivalent to the granting of relief."

The text in Bancroft rests on the following decisions: *Keys* v. *Mother Lode Extension Mines, Inc.,* 212 Cal. 612, 299 P. 524; *McIntosh Bros.* v. *Funge,* 127 Cal. App. 610, 16 P. (2d) 341; *Weaver* v. *Shell Oil Co.,* 124 Cal. App. 233, 12 P. (2d) 167; *Wiberg* v. *Barnum,* 99 Cal. App. 323, 278 P. 871 (which maintain that the failure to request the transcript was cured by sending a copy thereof to the appellate court).

As may be seen, an implied granting is proper. From the motions filed by both sides the conclusion is reached that the judge acted with knowledge of the actual facts. His attention was called to his want of jurisdiction, according to the appellee, because of the expiration of a term without a request for an extension thereof. The appellant alleges that it requested the missing extension by mail, like the others, and that it was mindful of the prosecution of its appeal is shown by its insistence on the extension covering the next month and the timely filing of the transcript.

The silence of the judge is perhaps explained by the practice controlling then; yet every circumstance tends to show, rather, justifies the assertion, that he acted with knowledge and certainty, because he considered that it would have been unfair under the attendant circumstances to preclude the appellant from fully submitting his case to the appellate court.

Such being the case, and inasmuch as the trial court exercised its discretion relieving the appellant from the

effects of his failure to file, together with the record, his request for the extension covering the time up to July, 1940, and as it has not been shown that the court abused its discretion by approving the transcript which, as already stated, has been on file in this court ever since November 31 last, said paper can not be stricken out nor the appeal dismissed then for the lack thereof, as sought by the appellee.

From the foregoing, the motions of appellee of September 12 and December 4, 1939, shall be denied, the prosecution of the appeal to be proceeded with in accordance with law.

Mr. Justice Wolf concurs in the refusal to dismiss the appeal but is of the opinion that the district court was without jurisdiction to approve the transcript of the evidence and thinks that the appellant should be granted a new term for submitting such transcript to the lower court to be duly approved by it.