EL MUNICIPIO DE AGUAS BUENAS, P. R., demandante y apelante, *v.* ESTEBAN DE LA FUENTE, demandado y apelado.

Núm. 8066.—*Sometido:* Diciembre 4, 1939. *Resuelto:* Febrero 13, 1940.

*Federico E. Virella,* abogado del apelante; *Santiago de la Fuente,* abogado del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

En septiembre 12, 1939, la parte apelada solicitó la desestimación del recurso interpuesto en este caso. Alegó que dictada la sentencia en abril 4, 1939, en abril 27 el apelante solicitó la transcripción de evidencia, ordenando la corte al taquígrafo en mayo 5 siguiente que la preparara dentro del término de veinte días; que en mayo 15 el apelante solicitó una prórroga de treinta días que le fué concedida y el 14 de junio otra también de treinta que le fué igualmente concedida; que examinados los autos el cinco de septiembre siguiente, día señalado para la aprobación de la transcripción, no se encontró constancia de haberse radicado moción alguna de prórroga entre el 14 de junio y el 11 de agosto en que se archivó la última, hecho sobre el cual llamó la atención primero al secretario y luego a la corte alegando que ésta carecía en tal virtud de jurisdicción para aprobar la transcripción, sin que tenga noticias de lo que la corte haya resuelto; que han transcurrido más de noventa días sin que el recurso interpuesto se haya perfeccionado y que se trata de una apelación frívola, temeraria y viciosa, motivos por los cuales procede la desestimación de acuerdo con las reglas de esta corte números 58, 59 y 60.

En noviembre 21, 1939, quedaron radicados en la Secretaría de esta Corte Suprema el legajo de la sentencia certificado por el secretario de la corte de distrito y la transcripción de evidencia certificada pór el taquígrafo en agosto 23, 1939, y aprobada por el juez sentenciador en octubre 19, 1939. Ocho días después el apelante archivó un escrito oponiéndose

a la moción de desestimación. Alegó que si bien de los autos sólo aparecen tres peticiones de prórroga es lo cierto que redactó otra el 14 de julio de 1939 y la dirigió por correo al secretario de la corte de distrito al igual que las primeras y la última. Sostiene que no ha sido negligente en la tramitación del recurso y que éste no es frívolo. Expresa que el demandado apelado no se opuso a la aprobación de la transcripción de la evidencia el día que tuvo lugar la vista señalada para ello.

Así las cosas, el mismo día de la vista de la moción de desestimación ante este tribunal—diciembre 4, 1939—el apelado pidió que se eliminara del récord la transcripción de evidencia archivada en noviembre 21, 1939, por haberse aprobado sin jurisdicción por el juez sentenciador.

A fin de despejar la situación y concretarnos al estudio de la única cuestión que nos ha llevado a resolver con opinión el asunto, diremos que tanto las razones que contiene la oposición del apelante a la desestimación como su alegato radicado en diciembre 30, 1939, demuestran que no se trata de un recurso claramente frívolo. Por tanto, por ese motivo, no procede la desestimación.

Procedería por el otro, o por lo menos tendría que declararse con lugar la eliminación de la transcripción de la evidencia por falta de jurisdicción de acuerdo con la jurisprudencia de esta propia corte, a no haberse dejado sin efecto dicha jurisprudencia. *Báez* v. *Honoré,* decidido en febrero 1, 1940, ante, pág. 31.

Hasta el primero de febrero actual subsistió la interpretación de esta corte en el sentido de carecer de jurisdicción las cortes de distrito para conceder un nuevo término, esto es, cuando la prórroga no se solicitaba durante la vigencia de la anterior, en casos como éste, correspondiendo dicha jurisdicción exclusivamente a esta Corte Suprema. A partir de esa fecha quedó resuelto que las dichas cortes de distrito tienen esa facultad que pueden y deben ejercitar tomando en consideración las circunstancias que concurran.

Se dirá que para que la corte sentenciadora actúe precisa que se le haga una petición concreta sobre el particular. Sin embargo, como se dijo en el repetido caso de *Báez* v. *Honoré,* supra,

"En la sección 6832 de Bancroft's Supplement, encontramos:

" 'Las decisiones más recientes de California han modificado la regla anterior, y hoy en día, es cosa resuelta que el proceder de la corte sentenciadora al aprobar los autos equivale a la concesión del remedio especificado en el artículo 473 del Código de Enjuiciamiento Civil, por haberse dejado de notificar y radicar el pliego de excepciones.' "

El texto de Bancroft se apoya en las siguientes decisiones: *Colburn Biological Institute* v. *De Bolt,* 6 Cal. (2d) 631, 59 P. (2d) 108; *Stenzel* v. *Kronick,* 201 Cal. 26, 255 P. 199.

El autor trata de nuevo la cuestión en el párrafo 6984 de su obra, así:

" ...No es necesaria una solicitud formal para subsanar la falta de notificación. Como se indica en la obra original, el acto de la Corte sentenciadora o del juez de la misma al certificar el récord equivale a conceder la solicitud."

Y el texto se apoya en las siguientes decisiones: *Keys* v. *Mother Lode Extension Mines, Inc.,* 212 Cal. 612, 299 P. 524; *McIntosh Bros.* v. *Funge,* 127 Cal. App. 610, 16 P. (2d) 341; *Weaver* v. *Shell Oil Co.,* 124 Cal. App. 233, 12 P. (2d) 167; *Wiberg* v. *Barnum,* 99 Cal. App. 323, 278 P. 871 (que sostienen que la omisión al solicitar la transcripción fué curada cuando copia de ésta se remitió a la corte de apelación).

Como puede verse, cabe la concesión implícita. A virtud de las mociones de ambas partes se viene en conocimiento de que el juez no actuó desconociendo la realidad de la situación. Se le llamó la atención según el apelado a su falta de jurisdicción por haberse dejado fenecer un término sin pedirse que fuera prorrogado. El apelante manifiesta que a tiempo solicitó la prórroga que falta por correo, como las otras, y que estaba atento a la tramitación de su recurso lo

demuestra el hecho de su insistencia en la prórroga correspondiente al mes que seguía y el archivo en tiempo de la transcripción.

El silencio del juez se explica quizá por la jurisprudencia que regía entonces, pero todo induce a creer, más bien, permite afirmar que actuó a sabiendas y seguramente porque consideró que constituiría una injusticia bajo las circunstancias concurrentes el privar al apelante de presentar plenamente su caso ante la corte de apelación.

Siendo ello así, habiendo la corte sentenciadora ejercido su discreción liberando al apelante de los efectos de la falta de radicación con los autos de la petición de prórroga correspondiente a julio, 1939, y no demostrándose que abusara o hiciera mal uso de su dicha discreción al aprobar la transcripción que como ya se ha expresado se radicó en esta Corte Suprema desde noviembre 21 último, no cabe eliminar dicho documento ni desestimar entonces, por la falta del mismo, la apelación, que es lo que pretende el apelado.

*Por virtud de todo lo expuesto, se declaran sin lugar las mociones del apelado de 12 de septiembre y 4 de diciembre, 1939, debiendo seguir la apelación su curso de acuerdo con la ley.*

El Juez Asociado Sr. Wolf está conforme con no desestimar el recurso, pero cree que la corte de distrito no tuvo jurisdicción para aprobar la transcripción de evidencia y entiende que se debe conceder al apelante un nuevo término para presentar tal transcripción a la corte inferior a fin de que sea aprobada debidamente.